553 A.2d 959

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Robert WILLIS, Appellant.**

Supreme Court of Pennsylvania.

Argued April 15, 1988.

Decided Feb. 8, 1989.

Samuel C. Stretton, West Chester, for appellant.

Gaele McLaughlin Barthold, Deputy Dist. Atty., Ronald Eisenberg, Chief, Appeals Div., Laurie Magid, Philadelphia, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and STOUT, JJ.

## OPINION

ZAPPALA, Justice.

Appellant Robert Willis appeals from the Superior Court's per curiam affirmance of the judgment of sentence imposed by the Philadelphia County Court of Common Pleas following his conviction of burglary, robbery, attempted involuntary deviate sexual intercourse and attempted rape. 356 Pa.Super. 620, 512 A.2d 1292. The sole issue which will be addressed is whether the trial court failed to properly charge the jury on the alibi defense raised by the Appellant. We agree with the Appellant that the instructions to the jury relating to the alibi defense were inadequate and that the trial court's failure to give a proper instruction necessitates the grant of a new trial.

On May 26, 1984, Linda Gwyn was resting in the bedroom of her Philadelphia apartment when she was confronted by a young man, who had entered her room by climbing up the building's fire escape. She testified at trial that the man, who was dressed in a pair of dark pants, a white T-shirt, and a powder blue jogging jacket, demanded money. He then threatened her and attempted to rape her. She resisted and a struggle ensued. Escaping from the bedroom, she was cornered by the attacker in her kitchen. He took a kitchen knife, again threatening her. He exposed himself and attempted to force her to perform oral sex. Continuing

to resist, she was fortunate enough to elude him and escape by running out of the front door of her apartment. The incident occurred at approximately 6:30 p.m. The victim identified the Appellant as the attacker.

Joseph Canosa, a neighbor of the victim, testified that he saw a man climbing up the fire escape as he was sitting down to eat dinner with his girlfriend about 6:30 p.m. Suspicious, he began to investigate and heard unusual noises emanating from the victim's apartment. In the meantime, Mr. Canosa's girlfriend called the police. He pursued the attacker as he fled from the building, but lost sight of him. Police officers arrived at the scene during that time. The police arrested the Appellant, who was identified then and at trial by Mr. Canosa as the man he had chased.

The Appellant appeared on his own behalf and testified that earlier that day he had played basketball until 3:30 p.m., leaving with his girlfriend, Thomasine Anderson. He stated that he went to a bar which was located close to the scene of the crime. It was his testimony that he was playing in a crap game outside of the bar from approximately 4:30 p.m. until the game broke up due to a warning that police officers were arriving. He indicated that he again went into the bar and was arrested shortly thereafter by an officer who was accompanied by a man who identified him as the victim's assailant.

The Appellant offered the testimony of Thomasine Anderson and William Wolford in support of his defense that he was not at the victim's apartment building at the time the incident occurred and that the Commonwealth witnesses' identification of him as the assailant was mistaken. William Wolford, whose nickname was Pockets, testified that he saw the Appellant for the first time that day when he joined the crap game at 4:30 p.m. He indicated that he stayed there approximately an hour, estimating the time to be from 4:30 until "something to six", and that the police arrived close to 6:00 p.m. Thomasine Anderson corroborated the Appellant's testimony that he had played basketball and later went to play in the crap game. She

stated that she accompanied him to the bar, but did not go inside. Although she could not say when she left, she indicated it was about 5:20 p.m. She returned to the bar shortly thereafter and was told that the Appellant had been arrested.

Although both witnesses testified regarding the activities in which the Appellant had been involved on that day, neither of them testified as to his whereabouts at precisely 6:30 p.m., the time that the Commonwealth witnesses testified that the incident occurred. The Appellant's defense was predicated in large part upon his own testimony that he was present at the crap game from the time he arrived at the bar until the time of his arrest.

Defense counsel submitted a request for an instruction on the alibi defense prior to the trial court's charge to the jury. The requested instruction, which was in conformity with the Pennsylvania Standard Jury Instructions, Criminal, § 3.11 relating to the alibi defense, was as follows:

Obviously, Mr. Willis cannot be guilty unless he was at the scene of the crime. Mr. Willis has offered evidence he was not present. You should consider this evidence along with all the other evidence in the case in determining whether the prosecution has met its burden of proving beyond a reasonable doubt that a crime was committed and that the Defendant himself committed it. Mr. Willis' evidence that he was not present either by itself or together with other evidence, may be sufficient to raise a reasonable doubt of his guilt in your minds. If you have a reasonable doubt of Mr. Willis' guilt, you must find him not guilty.

During a conference in his chambers, the trial judge did not deny the request, but indicated that he would cover the proposed instruction in his own language. Nevertheless, in his instructions to the jury, the only reference to the alibi defense was the fleeting one which follows:

There were no alibi witnesses here. People testified to times other than the exact time. But the defendant testified that he was not there and he was not the one who did this.

(N.T. p. 238). Defense counsel objected to the instruction and to the trial judge's failure to charge the jury consistently with the requested instruction at sidebar.

After the sidebar conference, the trial judge gave the following additional instruction, stating:

It has been pointed out to me, that when I said there was no alibi, I was incorrect. In any event, I believe that his girlfriend said she left at five fifteen, when she came back, he was already under arrest. And the man called Pockets, I believe it was, said that the crap game was broken up by the police around six o'clock. And this occurred, this robbery rape, attempted rape, all occurred about six thirty, six thirty-five.

Well, it may be an alibi and there may be some question about the time. But, in any event, I am explaining it to you now what my recollection was of the evidence. Of course, your recollection does govern.

(N.T. pp. 243–244). At sidebar, defense counsel renewed his objection to the charge on the basis that it was an improper expression of the trial judge's personal opinion and improper instruction on the alibi defense.

The rule regarding this alibi defense was stated in *Commonwealth v. Bonomo*, 396 Pa. 222, 151 A.2d 441 (1959) as follows:

The Commonwealth has the burden of proving every essential element necessary for conviction. If the defendant traverses one of those essential elements by evidence of alibi, his evidence will be considered by the jury along with all the other evidence. It may, either standing alone or together with other evidence, be sufficient to leave in the minds of the jury a reasonable doubt which, without it, might not otherwise exist. It will be the duty of the trial judge to carefully instruct the jury as to the relationship of the evidence of the prosecution and the evidence of the defendant as each bears upon the essential elements of the crime charged. This must be done without unfair disparagement although the trial judge

must be left free to comment upon the evidence as he has done heretofore, so long as he leaves the jury free to find its own true verdict.

396 Pa. at 231–232,, 151 A.2d at 446.

In *Commonwealth v. Pounds*, 490 Pa. 621, 417 A.2d 597 (1980), we held that the testimony of the accused may be sufficient in itself to raise an alibi defense and entitle the defendant to an appropriate jury instruction. In that case, the defendant's testimony as to his whereabouts at the time the crime occurred was unsupported by any other evidence and was partly contradicted by the testimony of another witness. We concluded, however, that the sufficiency of the defendant's testimony for the purpose of raising an alibi defense was not affected thereby.

The analysis we applied in *Pounds* is controlling in the instant case. The testimony of the Appellant that he was involved in the crap game immediately prior to and until his arrest for the underlying crimes is sufficient of itself to require the trial court to specifically instruct the jury on the defense of alibi. The trial court's failure to charge the jury that it should acquit if the Appellant's alibi evidence, even if not wholly believed, raised a reasonable doubt of his presence at the scene of the crime when it was committed was error. "Where an alibi defense is presented, such an instruction is necessary due to the danger that the failure to prove the defense will be taken by the jury as a sign of the defendant's guilt." *Commonwealth v. Pounds*, 490 Pa. at 633–634, 417 A.2d at 603.

As in *Pounds*, we note that although there is substantial evidence of guilt in the record, the trial court's failure to properly instruct as to the alibi defense was not harmless error because the conviction may have resulted from the jury's inference of guilt from a perceived failure on the Appellant's part to clearly establish the alibi.

Judgment of sentence is vacated and the matter is remanded for a new trial.

LARSEN, J., files a dissenting opinion in which McDERMOTT and PAPADAKOS, JJ., join.

LARSEN, Justice.

I dissent.

The majority opinion in *Commonwealth v. Pounds,* 490 Pa. 621, 631, 417 A.2d 597, 601 (1980), defined the alibi defense as:

> a defense that places the defendant at the relevant time in a different place than the scene involved *and so removed therefrom as to render it impossible for him to be the guilty party.*

(emphasis added)

Appellant, Robert Willis, testified that he was at a bar two and one-half blocks from the victim's apartment at the time the victim was being terrorized therein. This is not an alibi defense. Appellant was not far enough from the victim's apartment "as to render it impossible for him to be the guilty party." This is so, particularly in light of the fact that no witness placed him in or near the bar during the five minutes that the crimes were being committed. Thus, appellant was not entitled to a jury instruction on the alibi defense.

Accordingly, I would affirm the order of Superior Court which affirmed the judgment of sentence.

McDERMOTT and PAPADAKOS, JJ., join in this dissenting opinion.