559 A.2d 951

**COMMONWEALTH of Pennsylvania**

v.

**John PAYNE, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 9, 1989.

Filed June 14, 1989.

Marilyn J. Gelb, Philadelphia, for appellant.

Donna G. Zucker, Assistant District Attorney, Philadelphia, for Com.

Before ROWLEY, MONTEMURO and HOFFMAN, JJ.

ROWLEY, Judge:

Appellant, now represented by his fourth lawyer, appeals the denial of relief under the Post Conviction Hearing Act, 42 Pa.C.S. § 9541 *et seq.* (repealed) (hereinafter "PCHA"), following his conviction of first degree murder. Appellant argues only that his previous counsel on direct appeal was ineffective for failing to raise, brief and argue his exception to the trial court's charge concerning appellant's alibi evidence. The question presented by appellant's exception to the charge is whether *Commonwealth v. Pounds*, 490 Pa. 621, 417 A.2d 597 (1980) requires that the jury instruction on alibi testimony must include the language "even if not wholly believed." For the reasons which follow, we hold that prior counsel were not ineffective because the trial court's refusal to include the phrase in the instruction given in this case was not error.

At trial, defendant raised the defense of alibi, claiming to have been at his residence with his girlfriend at the time the

murder occurred. In light of the testimony by appellant and his girlfriend, defense counsel requested that the trial court instruct the jury that "the alibi, *even though not wholly believed,* may be sufficient to raise a reasonable doubt," citing *Commonwealth v. Pounds, supra.* The trial court denied the request and instead used the language of the proposed Pennsylvania Standard Jury Instruction 3.11 (Crim) ALIBI, as follows:

Members of the jury, obviously, the defendant cannot be guilty unless he was at the scene of the alleged crime. The defendant has offered evidence to show that he was not present at the crime but rather, he was with his girlfriend. . . .

You should consider this evidence, along with all the other evidence in the case, in determining whether the Commonwealth has met its burden of proving beyond a reasonable doubt that a crime was committed, and that the defendant himself committed it.

The defendant's evidence that he was not present, either by itself or together with other evidence, may be sufficient to raise a reasonable doubt of his guilt in your mind.

If you have a reasonable doubt of the defendant's guilt, you must find him not guilty.

Following the jury's verdict, trial counsel filed timely post-verdict motions which included an exception to the charge on alibi testimony. Trial counsel was permitted to withdraw and a new lawyer was appointed. This lawyer filed supplemental post-trial motions. All of appellant's post-trial motions were denied by the trial court. In an opinion filed June 6, 1986, the trial court held that the instruction regarding the alibi evidence was adequate as read. A direct appeal was taken to this Court, but the issue of the court's charge on alibi evidence was not raised by appellant's second lawyer.[1] In a memorandum decision

1. Appellant's second counsel raised only three issues on appeal: 1) Did the Commonwealth violate appellant's rights in seeking a death-qualified jury? 2) Was the verdict against the weight of the evidence?

filed April 14, 1987, this Court affirmed the judgment of sentence.

Appellant filed a *pro se* PCHA petition on September 29, 1987, in which he alleged numerous errors but did not include an objection to the trial court's alibi instruction. A lawyer was appointed to represent appellant as PCHA hearing counsel, this being appellant's third attorney. No amended PCHA petition was filed. After review by the trial court, appellant's petition was denied without a hearing. *See* tr. ct. op. May 25, 1988. PCHA hearing counsel filed this appeal and then was permitted to withdraw.

Appellant's fourth attorney, Marilyn J. Gelb, Esq., was appointed by the court on April 14, 1988. Attorney Gelb now argues that appellant's PCHA hearing counsel was ineffective for failing to raise the ineffectiveness of appellant's direct appeal counsel for not raising the following issue: Whether the trial court, in formulating its charge to the jury on appellant's alibi defense, erred in refusing to use the language "even if not wholly believed" from *Commonwealth v. Pounds, supra,* as requested by trial counsel? In proving ineffective assistance of counsel, a defendant must first demonstrate that the issue underlying the charge of ineffectiveness is of arguable merit. *Commonwealth v. Buehl,* 510 Pa. 363, 508 A.2d 1167 (1986). Because we find no merit in appellant's argument concerning the alibi charge, counsel cannot be considered ineffective.

Our Court has addressed the precise issue now raised by appellant and has found no merit to it. We stated in *Commonwealth v. Johnson,* 336 Pa.Super. 1, 485 A.2d 397 (1984):

> [W]e do not interpret *Pounds* as creating standard language for an alibi instruction. So long as the trial judge makes it clear that the defendant's failure to prove an alibi defense is not tantamount to guilt, the *Pounds* safeguards are preserved.

and 3) Was trial counsel ineffective for failing to seek suppression of a photo array?

*Id.*, 336 Pa.Superior Ct. at 18, 485 A.2d at 406, *quoted in Commonwealth v. Bright,* 361 Pa.Super. 261, 267, 522 A.2d 573, 576 (1987), allowance of appeal denied, 517 Pa. 597, 535 A.2d 1056 (1987). In *Johnson,* as in the case at bar, language substantially similar to the proposed Pennsylvania Standard Jury Instruction on alibi was given. Our Court in *Johnson* found that language to be adequate.

In *Pounds,* however, *no* instruction on the defendant's claimed alibi was given. Furthermore, in the recent case of *Commonwealth v. Willis,* 520 Pa. 289, 553 A.2d 959 (1989), defense counsel requested that the proposed Standard Jury Instruction on alibi be given, but the trial judge only referred to the alibi defense in a "fleeting" manner. *Id.*, 520 Pa. at 293, 553 A.2d at 961. Only under those circumstances, when the proposed Standard Jury Instruction or its equivalent was *not* given, has the Supreme Court utilized the language advocated by appellant that "[t]he trial court's failure to charge the jury that it should acquit if the Appellant's alibi evidence, even if not wholly believed, raised a reasonable doubt of his presence at the scene of the crime when it was committed was error." *Id.*, 520 Pa. at 294, 553 A.2d at 962.

The Supreme Court, in *Pounds* and *Willis* notes that the danger to be guarded against by the trial court is a perception on the part of the jury "that the failure to prove the [alibi] defense will be taken by the jury as a sign of the defendant's guilt." *Willis, supra,* 520 Pa. at 294, 553 A.2d at 962, *quoting Commonwealth v. Pounds,* 490 Pa. at 633–634, 417 A.2d at 603. The proposed Standard Jury Instruction, as given in this case, adequately protects defendants by emphasizing that the Commonwealth must meet its burden of proving beyond a reasonable doubt that a crime has occurred and that the defendant committed it. It is also clear that the jury was informed that appellant's alibi evidence, either considered alone or in conjunction with other evidence, was sufficient to establish a reasonable doubt that could bar conviction. The Supreme Court has never specifically disapproved the proposed Standard Jury

14

Instruction on alibi. Nor is there any suggestion in the Supreme Court's decision in *Commonwealth v. Willis,* filed just four (4) months ago, that this Court's analysis and application of its decision in *Commonwealth v. Pounds,* in *Commonwealth v. Johnson,* and *Commonwealth v. Bright* is inaccurate or disapproved. Therefore, we find no merit to the contention that the trial judge erred in refusing to incorporate the requested language from *Pounds.* Thus, appellant's claim of ineffectiveness must fail.

Order affirmed.