563 A.2d 161

COMMONWEALTH of Pennsylvania

v.

Rodney JONES, Appellant.

Superior Court of Pennsylvania.

Argued June 5, 1989.

Filed Aug. 25, 1989.

Norris E. Gelman, Philadelphia, for appellant.

Marilyn F. Murray, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before CIRILLO, President Judge, and BROSKY, ROWLEY, McEWEN, OLSZEWSKI, TAMILIA, POPOVICH, JOHNSON and MELINSON, JJ.

MELINSON, Judge:

Rodney Jones appeals from the Judgment of Sentence in the Court of Common Pleas of Philadelphia County. We affirm.

Jones, the appellant at bar, was convicted by a jury of three counts of aggravated assault and possession of an instrument of crime. After Jones's conviction, newly retained counsel filed post-verdict motions. Post-verdict motions were denied and Jones received an aggregate sentence of five to ten years' imprisonment. Jones's timely appeal from the Judgment of Sentence was dismissed for failure to file a brief. Thereafter, present counsel filed a petition under the Post Conviction Hearing Act [PCHA] alleging ineffectiveness of all prior counsel and seeking to have Jones's appeal rights reinstated *nunc pro tunc*. The petition was granted, and this appeal followed.

On appeal, Jones claims that trial counsel was ineffective for failing to object to the trial court's instructions regarding Jones's alibi defense and the definition of reasonable doubt. He further alleges that post-verdict motions counsel

was ineffective for failing to raise these claims in Jones's post-verdict motions.

█ In any ineffectiveness of counsel claim, counsel is presumed competent. The burden of rebutting this presumption is on the defendant. *Commonwealth v. Westcott,* 362 Pa.Super. 176, 523 A.2d 1140 (1987). There are three elements to a valid claim of ineffectiveness. First, the appellant must show that his underlying claim is of arguable merit. If he succeeds, the appellant must then demonstrate that the course chosen by counsel was not reasonably designed to protect the appellant's best interests. If the appellant is able to prove these elements, he must then establish that he was actually prejudiced by counsel's improper course of conduct. *Commonwealth v. Davis,* 518 Pa. 77, 541 A.2d 315 (1988); *Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987).

█ Initially, we find that the trial court did not err in its charge to the jury on the defense of alibi. Accordingly, Jones's ineffectiveness claim concerning this aspect of the charge is meritless. The trial court instructed the jury regarding the defense of alibi as follows:

> The defense is that he was not there, that the eyewitness was mistaken as to his identity, and he has presented an alibi defense. His alibi defense is to the effect that at the time that the crime was committed, that the shooting occurred, I was not there. I was elsewhere, and he has presented witnesses for your consideration on that issue. When you come to consider this defense, ladies and gentlemen, of alibi, you must consider, among other things, whether the testimony given covers the entire time the offense is shown to have been committed and whether it precludes the possibility of defendant's presence at the scene of the crime.
>
> *You should consider this evidence along with other evidence in the case in determining whether the Commonwealth has met its burden of proving beyond a reasonable doubt that the crime was then committed*

*and that the defendant committed it or took part therein.*

*The defendant's alibi evidence that he was not present may, in itself, work for acquittal, or it, together with other evidence, may be sufficient to raise a reasonable doubt in your mind as jurors.* Of course, the alibi witnesses ought to be evaluated by you like you do that of any other witness. You apply to them all the standards that I've indicated you should apply in arriving at the truths....

N.T. October 9, 1986 at 2.130–2.131 (emphasis added).

An appellate evaluation of a trial court charge must be based on an examination of the charge as a whole to determine whether it was fair or prejudicial. *Commonwealth v. Ohle,* 503 Pa. 566, 470 A.2d 61 (1983), *cert. denied,* 474 U.S. 1083, 106 S.Ct. 854, 88 L.Ed.2d 894 (1986); *Commonwealth v. Riggins,* 374 Pa.Super. 243, 542 A.2d 1004 (1988). In considering this directive, this court has repeatedly stated that "we may not predicate a finding of error upon isolated excerpts of the charge as it is the general effect of the charge that controls." *Riggins,* 374 Pa.Super. at 253, 542 A.2d 1004, quoting *Commonwealth v. Klinger,* 369 Pa.Super. 526, 540, 535 A.2d 1060, 1066 (1987); *see also Commonwealth v. Alvin,* 357 Pa.Super. 509, 516 A.2d 376 (1986).

The Supreme Court of Pennsylvania has recognized the need for an alibi instruction. In *Commonwealth v. Pounds,* 490 Pa. 621, 417 A.2d 597 (1980), although alibi evidence was presented by the defendant, no alibi charge was given to the jury by the trial court. The Supreme Court held that when a defendant presents evidence of an alibi, a specific alibi instruction must be given to the jury which guards against the possibility that the defendant's failure to prove alibi would be construed by the jury as evidence of guilt. Thus, the Court wrote, "the trial court failed to instruct the jury that it should acquit if Pounds' alibi evidence, even if not wholly believed, raised a reason-

able doubt of his presence at the scene of the crime ...'' *Pounds*, 490 Pa. at 633, 417 A.2d 597.

Jones argues here that the "even if not wholly believed" language articulated in *Pounds* must be incorporated into an alibi charge, and that trial counsel was ineffective for failing to object to the court's charge at bar. Jones's argument directly contravenes established case law of this court. In *Commonwealth v. Johnson*, 336 Pa.Super. 1, 485 A.2d 397 (1984), this court specifically stated that "we do not interpret *Pounds* as creating standard language for an alibi instruction. So long as the trial judge makes it clear that the defendant's failure to prove an alibi is not tantamount to guilt, the *Pounds* safeguards are preserved." *Johnson*, 336 Pa.Super. at 18, 485 A.2d 397. In *Commonwealth v. Bright*, 361 Pa.Super. 261, 522 A.2d 573 (1987), a panel of this court again considered an appellant's argument that the "even if not wholly believed" language of *Pounds* must be used in an alibi instruction. Like the *Johnson* court before it, the *Bright* court rejected this argument, stating, "appellant is merely contesting the form of the instruction rather than its substance." *Bright*, 361 Pa.Super. at 267, 522 A.2d 573. Most recently, in *Commonwealth v. Quarles*, 361 Pa.Super. 272, 522 A.2d 579 (1987), the appellant argued that the trial court's charge was defective because it did not specifically tell the jury that the alibi testimony offered by the appellant's witness "did not have to be totally accepted to acquit" the appellant. *Quarles*, 361 Pa.Super. at 280, 522 A.2d 579. As did the Superior Court panels in *Johnson* and *Bright*, the *Quarles* court found the appellant's contention meritless. The court stated:

> The trial judge in his charge to the jury regarding appellant's alibi stated: "The defense evidence to the effect that he was not present either *by itself* or together with other evidence *may be sufficient to raise a reasonable doubt of his guilt in your minds.*" ... Appellant's trial counsel, consequently, did not render ineffective assistance of counsel by failing to object to the trial court's

alibi charge since the judge's alibi charge informed the jury that the alibi, by itself or with other evidence, may be sufficient to raise reasonable doubts in the jurors' minds about appellant's guilt.

*Quarles*, 361 Pa.Super. at 280, 522 A.2d 573 (emphasis in original).

Clearly, a trial court alibi charge will not *per se* be deemed erroneous for failing to parrot the language of the *Pounds* Court. Rather, what is required of the trial court is that it make clear to the jury that the defendant's failure to prove alibi is not tantamount to guilt. Here, the court told the members of the jury that they should consider Jones's alibi testimony, in conjunction with the other evidence offered, to determine *whether the Commonwealth met its burden* of proving beyond a reasonable doubt that the crime was committed by Jones. Furthermore, the court at bar, like the trial court in *Quarles*, told the jury that Jones's alibi evidence, either *by itself* or together with other evidence, *may be sufficient to raise a reasonable doubt of Jones's guilt and acquit him.* Accordingly, after evaluating the trial court's charge as a whole, we find that the trial court's alibi charge was proper here. *See Commonwealth v. Riggins*, 374 Pa.Super. 243, 542 A.2d 1004 (1988). Because counsel will not be deemed ineffective for failing to pursue a meritless claim, we find that trial counsel and post-verdict motions counsel were not ineffective for failing to object to the trial court's charge. *See Commonwealth v. Blagman*, 350 Pa.Super. 367, 504 A.2d 883 (1986).

■ Jones next contends that trial counsel was ineffective for failing to object to the court's jury instructions regarding the definition of reasonable doubt. We find this issue meritless.

There is no required jury charge on the definition of "reasonable doubt" in this Commonwealth. *Commonwealth v. Williams*, 432 Pa. 557, 248 A.2d 301 (1968). Our Supreme Court, however, has approved the following charge defining reasonable doubt:

The defendant comes before you presumed to be innocent and the burden is upon the Commonwealth to prove his guilt beyond a reasonable doubt. A reasonable doubt cannot be a doubt fancied or conjured up in the minds of the jury to escape an unpleasant verdict; it must be an honest doubt arising out of the evidence itself, the kind of doubt that would restrain a reasonable man (or woman) from acting in a matter of importance to himself (or herself).

*Commonwealth v. Young*, 456 Pa. 102, 110, 317 A.2d 258, 262 (1974), quoting *Commonwealth v. Donough*, 377 Pa. 46, 51–52, 103 A.2d 694, 697 (1954); *see also Williams*, 432 Pa. at 561–62, 248 A.2d 301. Additionally, the Pennsylvania Standard Criminal Jury Instructions sets forth the following suggested instruction regarding reasonable doubt:

Although the Commonwealth has the burden of proving that the defendant is guilty, this does not mean that the Commonwealth must prove its case beyond all doubt and to a mathematical certainty, nor must it demonstrate the complete impossibility of innocence. A reasonable doubt is a doubt that would cause a reasonably careful and sensible person to hesitate before acting upon a matter of importance in his [or her] own affairs. A reasonable doubt must fairly arise out of the evidence that was presented or out of the lack of evidence presented with respect to some element of the crime. A reasonable doubt must be a real doubt; it may not be an imagined one, nor may it be a doubt manufactured to avoid carrying out an unpleasant duty.

Pennsylvania Standard Criminal Jury Instructions 7.01(3).

In the case before us, the trial court instructed the jury regarding the definition of reasonable doubt as follows:

[The Commonwealth] will have to prove each element of the crime charge beyond a reasonable doubt. I'm not talking about mathematical certainty, but beyond a reasonable doubt. So a reasonable doubt must be more than a mere possible doubt because you can have a doubt about almost anything in life. A reasonable doubt must

be more than a fanciful doubt, a caprice, a whim or a doubt that you would conjure up in your own mind in order to avoid the unpleasant task of determining guilt or non-guilt. It is a *substantive doubt.* It is a real doubt, a doubt of such *substance* that if it occurs in a matter of importance in your own affairs, it would restrain you from acting.... Do you have a reasonable doubt, a doubt of such *substance* that if it occurred in a matter of importance in your own affairs it would restrain you from acting?

N.T. October 9, 1986 at 2.135–2.136 (emphasis added).

Jones argues that the use of the term "substantive doubt" was interpreted by the jury to mean "substantial doubt" and, therefore, the charge was erroneous because it diluted the Commonwealth's burden of proof. We disagree. The word "substantive" is defined as "having the character or status of or referring to something that is real rather than apparent." WEBSTER'S NEW COLLEGIATE DICTIONARY 1153 (1979). Thus, a substantive doubt, like reasonable doubt, is a real doubt, not one that is "fancied or conjured up in the minds of the jury." *See Young,* 456 Pa. at 110, 317 A.2d 258; *Donough,* 377 Pa. at 51, 103 A.2d 694. Because the court could properly instruct the jury that a reasonable doubt must be a real doubt, the court did not err in defining reasonable doubt as a doubt of substance. Accordingly, we conclude that this contention lacks arguable merit; thus, trial and post-trial counsel were not ineffective.

Judgment of Sentence affirmed.

BROSKY, J., files a Dissenting Opinion.

McEWEN, J., files a Dissenting Statement.

BROSKY, Judge, dissenting.

Consistent with my Dissenting Opinion in *Commonwealth v. Johnson,* 336 Pa.Super. 1, 485 A.2d 397 (1984), I respectfully dissent. I believe that *Commonwealth v. Pounds,* 490 Pa. 621, 417 A.2d 597 (1980), is controlling. Our Supreme Court stated in *Pounds* that, "[T]he trial

court failed to instruct the jury that it should acquit if Pounds' alibi evidence, *even if not wholly believed,* raised a reasonable doubt of his presence at the scene of the crime at the time of its commission and, thus, of his guilt." *Id.,* 490 Pa. at 633, 417 A.2d at 603 (citations omitted) (footnote omitted) (emphasis added). The omission of the phrase "even if not wholly believed" from an alibi charge may cause a jury to believe that reasonable doubt does not exist since the jury did not wholly believe a defendant's alibi testimony.

McEWEN, Judge, dissenting.

The author of the majority opinion has, in his usual insightful fashion, expressed his position in such compelling fashion that I more wisely proceed to rapidly recite and retreat. If we agree that the instructions provided the jury by the trial judge may not simply give a general impression of the law but must provide precise statements of legal principle, I am troubled by the following portion of the instruction upon alibi:

> ... you must consider, among other things, whether the testimony given covers the entire time the offense is shown to have been committed and whether it *precludes the possibility* of defendant's presence at the scene of the crime. (emphasis supplied).

The majority acknowledges, as direction of the Pennsylvania Supreme Court in *Commonwealth v. Pounds,* 490 Pa. 621, 633, 417 A.2d 597, 603 (1980), the need for the trial judge "to instruct the jury that it should acquit if [the] alibi evidence, *even if not wholly believed,* raised a reasonable doubt of his presence at the scene of the crime....". (emphasis supplied). I am of a mind that the "airtight" standard of the challenged instruction imposed a heavier burden upon appellant than that dictated by the Supreme Court when it declared that alibi evidence even if not "wholly believed" can be sufficient to create reasonable doubt. Thus, the instruction to the jury that the alibi evidence of appellant was required to *preclude the possibil-*

476

■■■■■■■■■■

*ity* of his presence at the scene of the crime, prescribed a more demanding and, therefore, improper standard for the jury to apply to the alibi evidence as it weighed the existence of reasonable doubt. Therefore, I would grant the motion of appellant for a new trial.