572 A.2d 1279

**COMMONWEALTH of Pennsylvania**

**v.**

**John LOTT, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 4, 1989.

Filed April 10, 1990.

Mitchell S. Strutin, Philadelphia, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for the Com., appellee.

Before CAVANAUGH, BROSKY and WIEAND, JJ.

BROSKY, Judge.

This appeal is from the Order of the PCHA court dismissing appellant's post-conviction petition.

Appellant charges his trial counsel with ineffectiveness because the latter failed to object to a purportedly erroneous jury instruction on alibi. Appellant claims that the trial court's alibi charge was improper because it did not incant the "even if not wholly believed" language of *Commonwealth v. Pounds*, 490 Pa. 621, 417 A.2d 597 (1980), and *Commonwealth v. Willis*, 520 Pa. 289, 553 A.2d 959 (1989). We disagree that the charge was improper and therefore affirm the Order of the post-conviction court.

The complained-of charge reads as follows:

[O]bviously, of course, the Defendant cannot be guilty unless he was at the scene of the alleged crime. The Defendant has offered evidence to show that he was not present at the crime, but rather at Robert Alderman's house at an Amway demonstration and birthday get together. You should consider this evidence and alibi along with all the other evidence in the case in determining whether the Commonwealth has met its burden of proving beyond a reasonable doubt that a crime was committed and that the Defendant himself committed it. The evidence presented by the defense that he was not present, if you believe it, either by itself or together with other evidence may be sufficient to raise a reasonable doubt of the Defendant's guilt in your minds. If you have a reasonable doubt of the Defendant's guilt, you must find him not guilty.

On the other hand, you may choose to disbelieve and disregard the testimony concerning alibi and accept as true the testimony of the Commonwealth witnesses that the Defendant was present at the scene of the crime.

N.T., 12/6/82, 735–36.

A trial court need not use the precise "even if not wholly believed" language of the above authorities if the instruction makes it clear that the defendant's failure to prove alibi is not tantamount to guilt. *Commonwealth v. Johnson*, 336 Pa.Super. 1, 485 A.2d 397 (1984). It is therefore not necessary to incant the *Pounds/Willis* language in an alibi charge if the Standard Jury Instruction or its equivalent is given. *Commonwealth v. Payne*, 385 Pa.Super. 9, 559 A.2d 951 (1989). In this case, the court's instruction essentially parallels that of Pa.S.S.J.I. 3.11. This instruction was not disapproved or otherwise rendered inaccurate by the Supreme Court's decision in *Willis*.

In *Willis*, the trial court erroneously instructed the jury that no alibi evidence had been presented other than Willis' own testimony. After defense counsel objected to this misinformation, the trial court, in effect, merely summarized the alibi testimony of the witnesses and then stated,

"Well, it may be an alibi and there may be some question about the time. But, in any event, I am explaining it [sic] to you now what my recollection was of the evidence. Of course, your recollection does govern." 520 Pa. at 293, 553 A.2d at 961.

The *Willis* instruction does not at all follow the Suggested Jury Instruction, *supra,* nor is it even remotely comparable to the instruction given by the trial court instantly. Therefore, *Willis* is distinguishable on that basis. Moreover, and contrary to appellant's assertions, *Willis* does not stand for the proposition that a jury instruction on alibi which fails to recite the phrase "even if not wholly believed" warrants a new trial because of an unfavorable inference that a defendant is guilty because he failed to prove the defense. *Willis* only holds that an alibi instruction must be given to assure the jury that the failure to prove the defense is not an inference of guilt.

In *Commonwealth v. Jones,* 386 Pa.Super. 467, 563 A.2d 161 (1989), an *en banc* panel of this court, relying on *Commonwealth v. Johnson, supra,* and *Commonwealth v. Bright,* 361 Pa.Super. 261, 522 A.2d 573 (1987), rejected the identical position raised by appellant here. *Johnson* held that the Supreme Court in *Commonwealth v. Pounds,* 490 Pa. 621, 417 A.2d 597 (1980), did not intend to create a standard alibi instruction requiring recitation of the phrase "even if not wholly believed." Instead, the *Johnson* court held, the *Pounds* safeguards are preserved if the trial court clearly states that the accused's failure to prove alibi is not tantamount to guilt. *See also Commonwealth v. Payne, supra.* Moreover, this court in *Commonwealth v. Bright, supra,* advised that the argument typified here merely contests the form of the charge rather than its substance. We agree with *Jones* and its forerunners. The *Jones* court approved the type of charge given here. Therefore, we perceive no error in the alibi charge as given. For this reason, we reject appellant's claim of ineffectiveness of counsel in this regard. *Commonwealth v. Jones, supra.*

Because appellant's claim has failed to cross the threshold of arguable merit, we affirm the Order of the PCHA court.

Order affirmed.

WIEAND, J., files a dissenting opinion.

WIEAND, Judge, dissenting:

In this appeal from an order denying PCHA relief without a hearing, the appellant contends that his trial counsel was constitutionally ineffective because he failed to object to or correct an erroneous alibi instruction by the trial court. The majority holds that there is no merit in appellant's underlying contention that the trial court's alibi instruction was erroneous. I respectfully dissent. The trial court's alibi instruction, in my opinion, was contrary to the decided cases.

John Lott appeared before a jury charged with murder and criminal conspiracy. At trial, he offered an alibi defense and produced several alibi witnesses who testified that at the time of the shooting Lott was attending an Amway demonstration and party. With respect to this alibi testimony, the trial court instructed the jury as follows:

[O]bviously, of course, the Defendant cannot be guilty unless he was at the scene of the alleged crime. The Defendant has offered evidence to show that he was not present at the crime, but rather at Robert Alderman's house at an Amway demonstration and birthday get together. You should consider this evidence and alibi along with all the other evidence in the case in determining whether the Commonwealth has met its burden of proving beyond a reasonable doubt that a crime was committed and that the Defendant himself committed it.

The evidence presented by the defense that he was not present, *if you believe it*, either by itself or together with other evidence may be sufficient to raise a reasonable doubt of the Defendant's guilt in your minds. If you

have a reasonable doubt of the Defendant's guilt, you must find him not guilty.

On the other hand, you may choose to disbelieve and disregard the testimony concerning alibi and accept as true the testimony of the Commonwealth witnesses that the Defendant was present at the scene of the crime. (emphasis added)

Defense counsel did not object to this instruction, and Lott was found guilty of murder of the third degree and criminal conspiracy. Trial counsel was thereafter permitted to withdraw, and post-trial motions were filed on appellant's behalf by another lawyer. The post-trial motions did not contain a challenge to the trial court's alibi instruction to the jury or to trial counsel's stewardship for failing to correct the alleged error appearing therein. Post-trial motions were denied, and Lott was sentenced to serve a term of imprisonment. On direct appeal, the Superior Court affirmed. *Commonwealth v. Lott,* 355 Pa.Super. 634, 509 A.2d 1321 (1986). A petition for allocatur was denied by the Supreme Court.

On December 31, 1987, Lott filed a PCHA petition in which he alleged that the trial court's statement of the law pertaining to the defense of alibi had been erroneous and that prior counsel had been constitutionally ineffective for failing to achieve for him a trial at which the jury was correctly instructed regarding the law pertaining to the defense which he had offered. The PCHA court dismissed the petition without a hearing, and Lott appealed.

The law pertaining to the defense of alibi has been established by the Supreme Court in *Commonwealth v. Bonomo,* 396 Pa. 222, 151 A.2d 441 (1959); *Commonwealth v. Pounds,* 490 Pa. 621, 417 A.2d 597 (1980); and *Commonwealth v. Willis,* 520 Pa. 289, 553 A.2d 959 (1989). A trial court is required to instruct the jury in such cases that it should acquit if the defendant's alibi evidence, *even if not wholly believed,* raises a reasonable doubt of his presence at the scene of the crime at the time when it was committed. "[S]uch an instruction is necessary due to the danger

that the failure to prove the defense will be taken by the jury as a sign of the defendant's guilt." *Commonwealth v. Pounds, supra,* 490 Pa. at 633–634, 417 A.2d at 603 (footnote omitted). It has been held, however, that the trial court's charge need not use the precise language of these decisions and that the safeguards established thereby are preserved so long as the trial judge makes it clear that the defendant's failure to prove an alibi is not tantamount to guilt. *Commonwealth v. Johnson,* 336 Pa.Super. 1, 18, 485 A.2d 397, 406 (1984). See also: *Commonwealth v. Payne,* 385 Pa.Super. 9, 559 A.2d 951 (1989); *Commonwealth v. Quarles,* 361 Pa.Super. 272, 522 A.2d 579 (1987); *Commonwealth v. Bright,* 361 Pa.Super. 261, 522 A.2d 573 (1987).

In *Commonwealth v. Jones,* 386 Pa.Super. 467, 563 A.2d 161 (1989), the trial court had instructed the jury regarding defendant's alibi evidence as follows:

> You should consider this evidence along with other evidence in the case in determining whether the Commonwealth has met its burden of proving beyond a reasonable doubt that the crime was then committed and that the defendant committed it or took part therein.

> The defendant's alibi evidence that he was not present may, in itself, work for acquittal, or it, together with other evidence, may be sufficient to raise a reasonable doubt in your mind as jurors. Of course, the alibi witnesses ought to be evaluated by you like you do that of any other witness. You apply to them all the standards that I've indicated you should apply in arriving at the truths....

This instruction, it will be observed, did not tell the jury that the defendant's alibi evidence could create a reasonable doubt only if the jury believed such evidence. The Superior Court, with two judges dissenting, held that the instruction was sufficient to comply with the requirement of *Commonwealth v. Pounds, supra.* The *Jones* Court did not cite or refer to the Supreme Court decision in *Commonwealth v. Willis, supra.*

In the instant case, the trial court told the jury that the evidence of alibi, *"if you believe it,* either by itself or together with other evidence may be sufficient to raise a reasonable doubt of the Defendant's guilt in your minds." This was not a correct statement of the law. Indeed, it was diametrically opposed to the law as stated in *Pounds* and *Willis* that alibi evidence, *even if not wholly believed,* may be sufficient to raise a reasonable doubt of the defendant's presence at the scene of the crime when it was committed.

The instant case was tried in December, 1982. Although *Willis* had not then been decided by the Supreme Court, the decision in *Pounds* had been filed on July 3, 1980. Defense counsel had a responsibility to present his client's alibi defense in a factually persuasive manner and submit it to the jury upon legally sound instructions from the court. At the very least, he should have been aware of and informed the trial court regarding the rule of law to be applied to his client's defense, as it had been pronounced by the Supreme Court. To fail to do so was ineffective representation. *Commonwealth v. Roxberry,* 381 Pa.Super. 314, 553 A.2d 986 (1988), *alloc. granted,* 523 Pa. 649, 567 A.2d 652 (1989); *Commonwealth v. Brunner,* 341 Pa.Super. 64, 491 A.2d 150 (1985).

It seems clear, therefore, that there is arguable merit in appellant's contention that prior counsel should have acted to preserve his rights according to principles of law stated by the highest court in this Commonwealth. Before a claim of ineffectiveness can be sustained, however, " 'it must be determined that, in light of all the alternatives available to counsel, the strategy actually employed was so unreasonable that no competent lawyer would have chosen it. We inquire whether counsel made an informed choice, which at the time the decision was made reasonably could have been considered to advance and protect defendant's interests.' " *Commonwealth v. Litzenberger,* 333 Pa.Super. 471, 481, 482 A.2d 968, 973 (1984), quoting *Commonwealth v. Dunbar,* 503 Pa. 590, 596, 470 A.2d 74, 77 (1983) (citations omitted).

In the instant case, appellant's PCHA petition was dismissed without hearing because the court found no arguable merit in appellant's underlying claim. This was error. Where the PCHA court has erroneously dismissed a petition without a hearing, a reviewing court will normally remand for an evidentiary hearing to permit counsel to explain, if possible, the course of conduct pursued at trial. See: *Commonwealth v. El–Amin*, 321 Pa.Super. 46, 467 A.2d 886 (1983); *Commonwealth v. Murray*, 315 Pa.Super. 417, 462 A.2d 264 (1983). Here, however, trial counsel's default can only be explained by that ineffectiveness which renders the verdict unreliable. Appellant's principal defense to the charge that he participated in the shooting was that he was elsewhere at the time of the shooting. Therefore, he was entitled to have the jury instructed correctly with regard to the meaning and significance of his alibi defense. The applicable law was unambiguous; it had been set forth clearly by the Supreme Court in *Commonwealth v. Pounds, supra.* To fail to inform the trial court of this law, which was crucial to his client's defense, and to fail to correct the trial court when it erred could not possibly have been calculated to serve appellant's interest. To present an alibi defense and then to allow the jury to be instructed erroneously and prejudicially must necessarily be equated with ineffectiveness. *Commonwealth v. Roxberry, supra,* 381 Pa.Super. at 320–321, 553 A.2d at 989–990. Under such circumstances, a determination of ineffectiveness can be made without remanding for an evidentiary hearing.

Similarly, there is no strategic justification for post-trial counsel's failure to raise this issue at the first opportunity after entering his appearance on appellant's behalf. Following the jury's verdict, new counsel was appointed to represent appellant and raised fourteen (14) instances of alleged ineffectiveness on the part of trial counsel. These averments of ineffective assistance were rejected by the trial court and also by the Superior Court on direct appeal. Conspicuously absent from these averments of ineffectiveness was trial counsel's failure to object to the trial court's

380

erroneous instruction regarding appellant's alibi defense. In view of the law stated by the Supreme Court in *Commonwealth v. Pounds, supra,* appellate counsel should have raised and preserved this dereliction on the part of trial counsel. His failure to do so was not reasonably calculated to serve appellant's interests.

Finally, the prejudice to appellant is clear. He presented several alibi witnesses, only to have the trial court erroneously instruct the jury that alibi evidence would be sufficient to raise a reasonable doubt as to guilt only if the jury believed the alibi testimony. For trial counsel to fail to correct this erroneous instruction had the necessary effect of depriving appellant of a fair trial, a trial calculated to achieve an informed and just result.

I would reverse and remand for a new trial.