602 A.2d 816

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Charles SAUNDERS, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 14, 1991.

Decided Jan. 13, 1992.

Donna Zucker, Susan Willcox, Asst. Dist. Attys., Ronald Eisenberg, Chief Appeals Div., Gaele McLaughlin Barthold, Deputy Dist. Atty., for appellee.

Mitchell Scott Strutin, Philadelphia, for appellant.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS, and CAPPY, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This is an appeal, by allowance, from a memorandum opinion and order of the Superior Court, 397 Pa.Super. 646, 571 A.2d 505, which affirmed a judgment of sentence imposed by the Court of Common Pleas of Philadelphia County. In October of 1988, the appellant, Charles Saunders, was convicted by a jury of aggravated assault, possessing an instrument of crime, and carrying a firearm without a license. Appellant was sentenced to two consecutive terms

of eleven and one-half to twenty-three months imprisonment, followed by a consecutive term of twenty-four months probation. The factual background of the case is as follows.

At approximately 2:00 p.m. on March 5, 1988, appellant brandished a gun and approached an individual, William Davis, along a street in Philadelphia and stated that he was going to kill him. Appellant fired three shots, one of which was aimed towards Davis, and then fled from the scene. Testimony regarding this incident came from both Davis and an eleven year old stepgrandaughter of Davis who was across the street at the time of the incident.

Appellant testified on his own behalf and asserted an alibi, claiming that he was visiting at the residence of his niece from approximately 8:00 a.m. to 3:00 p.m. on the day of the alleged assault.[1] He testified that his niece drove him to the residence of his sister around 3:00 p.m. that day. Appellant's sister testified that he arrived to see her at 3:00 p.m., or shortly thereafter, and stayed for several hours.

After the close of the evidence, the trial court instructed the jury as follows regarding the alibi evidence:

Now, in this case there was also evidence of alibi. Obviously, the defendant cannot be guilty unless he was at the scene of the alleged crime. The defendant in this case has offered evidence to show that he was not present at the scene of the crime but was at another location during the time the crime was allegedly committed. You should consider this evidence along with all the other evidence in the case in determining whether the Commonwealth has met its burden of proving beyond a reasonable doubt that a crime was committed and that the defendant himself committed the crime.

The defendant's evidence that he was not present either by itself or together with the other evidence may be

**1.** See *Commonwealth v. Whiting,* 409 Pa. 492, 498, 187 A.2d 563, 566 (1963) ("Alibi is a defense that places the defendant at the relevant time in a different place than the scene involved and so removed therefrom as to render it impossible for him to be the guilty party.").

sufficient to raise a reasonable doubt of his guilt in your minds. If you have a reasonable doubt of the defendant's guilt, then you must find him not guilty.

Appellant contends that trial counsel was ineffective for failing to object to this instruction, on the basis that the instruction failed to include language that "the jury should acquit if the defendant's alibi evidence, *even if not wholly believed*, raised a reasonable doubt of his guilt." (Emphasis added). In support of his argument that the phrase "even if not wholly believed" should have been included in the alibi instruction, appellant relies upon this Court's decision in *Commonwealth v. Pounds*, 490 Pa. 621, 417 A.2d 597 (1980). In *Pounds*, where the trial court failed to give any instruction on alibi, and alibi evidence had been introduced only through the defendant's own testimony, we stated, "the trial court failed to instruct the jury that it should acquit if Pounds' alibi evidence, even if not wholly believed, raised a reasonable doubt of his presence at the scene of the crime at the time of its commission and, thus, of his guilt." 490 Pa. at 633, 417 A.2d at 603 (footnote omitted). Appellant also relies upon our recent decision in *Commonwealth v. Willis*, 520 Pa. 289, 553 A.2d 959 (1989). In *Willis*, where the trial court gave only a cursory instruction on alibi, we cited *Pounds* as the controlling precedent and stated, "[t]he trial court's failure to charge the jury that it should acquit if [Willis'] alibi evidence, even if not wholly believed, raised a reasonable doubt of his presence at the scene of the crime when it was committed was error." 520 Pa. at 294, 553 A.2d at 962.

The Superior Court has consistently construed our decision in *Pounds* as not requiring that the phrase, "even if not wholly believed," be included in instructions to the jury regarding alibi. *Commonwealth v. Jones*, 386 Pa.Super. 467, 563 A.2d 161 (1989) (en banc), allocatur granted, 525 Pa. 632, 578 A.2d 926 (1990); *Commonwealth v. Payne*, 385 Pa.Super. 9, 559 A.2d 951 (1989); *Commonwealth v. Bright*, 361 Pa.Super. 261, 522 A.2d 573 (1987), allocatur denied, 517 Pa. 597, 535 A.2d 1056 (1987); *Commonwealth*

*v. Johnson,* 336 Pa.Super. 1, 485 A.2d 397 (1984). In the present case, the Superior Court held that the instruction given was in conformity with these precedents, and, further, that it was virtually identical to the instruction on alibi evidence set forth in the Pennsylvania Standard Jury Instructions.

Indeed, in the Pennsylvania Standard Jury Instructions, Criminal, § 3.11, there is a suggested instruction which is nearly identical to the one given by the trial court in this case. The suggested instruction does not contain the phrase, "even if not wholly believed." [2] We have previously cited this instruction in contexts that indicate our general approval thereof, but have never been called upon to decide whether it should have incorporated the phrase, "even if not wholly believed." *Commonwealth v. Willis,* 520 Pa. at 292, 553 A.2d at 961; *Commonwealth v. Pounds,* 490 Pa. at 633, 417 A.2d at 603. See also *Commonwealth v. Yost,* 478 Pa. 327, 333, 386 A.2d 956, 959 (1978) (alibi instruction, which contained language virtually identical to the standard instruction, was approved).

▌ It is established that appellate review of a trial court charge must involve a consideration of the charge as a whole to determine whether it was fair and complete. *Commonwealth v. Ohle,* 503 Pa. 566, 582, 470 A.2d 61, 70 (1983). The review does not focus upon whether certain "magic words" were included in the charge. Rather, it is the effect of the charge as a whole that is controlling. *Id.*

**2.** The instruction set forth in the Pennsylvania Standard Jury Instructions, Criminal, § 3.11 is as follows:

Obviously the defendant cannot be guilty unless he was at the scene of the alleged crime. The defendant has offered evidence to show that he was not present at the crime but rather was at (_____). You should consider this evidence along with all the other evidence in the case in determining whether the Commonwealth has met its burden of proving beyond reasonable doubt that a crime was committed and that the defendant himself committed (or took part in committing) it. The defendant's evidence that he was not present, either by itself or together with other evidence, may be sufficient to raise a reasonable doubt of his guilt in your minds. If you have a reasonable doubt of the defendant's guilt you must find him not guilty.

■ The charge given by the trial court, when viewed as a whole, fully conveyed to the jury that a failure by the defense to prove alibi was not to be construed as evidence of guilt. This is the essential point that the *Pounds* decision sought to insure. As we stated in *Willis*, 520 Pa. at 294, 553 A.2d at 962 (quoting *Pounds*, 490 Pa. at 633–34, 417 A.2d at 603), the following is the basis for a trial court to instruct the jury to acquit where alibi evidence raises a reasonable doubt as to the defendant's presence at the scene of the crime: " 'Where an alibi defense is presented, such an instruction is necessary due to the danger that the failure to prove the defense will be taken by the jury as a sign of the defendant's guilt.' " This danger is not adequately addressed through the general instructions given in every criminal case regarding the burden of proof; hence, a specific instruction on alibi is required. *Pounds*, 490 Pa. at 634, 417 A.2d at 603.

■ As long as an alibi instruction makes it clear to the jury that a defendant's failure to prove alibi is not in itself a basis for a finding of guilt, the instruction cannot be faulted for failing to parrot the exact language contained in *Pounds*. An instruction is proper if it expressly informs the jury that the alibi evidence, either by itself or together with other evidence, could raise a reasonable doubt as to the defendant's guilt and clearly directs the jury to consider this evidence in determining *whether the Commonwealth met its burden* of proving beyond a reasonable doubt that the crime was committed by the defendant. A charge which meets this standard would not be taken to mean that by introducing alibi evidence the defense assumed a burden of proof, which, if not met, could provide a basis for a finding of guilt. The charge in appellant's case plainly met the standard.

Further, by instructing the jury that the defense evidence on alibi "either by itself or together with the other evidence" could raise a reasonable doubt, the trial court effectively conveyed that a reasonable doubt could arise based upon alibi even where the defense evidence was not wholly

believed. Obviously, if the defense evidence was wholly believed, a reasonable doubt would necessarily exist. Indeed, if the evidence was wholly believed, the conclusion would *per se* follow that it would have been impossible for appellant to have committed the crime. But if the evidence was only partially believed, then by itself or together with other evidence it could still raise a reasonable doubt. The instruction did not, therefore, imply that it was necessary to wholly believe the defense evidence in order to find, based upon alibi, that appellant was not guilty.

The *Pounds* and *Willis* decisions were simply an application of the rule regarding alibi defenses that was stated as follows in *Commonwealth v. Bonomo*, 396 Pa. 222, 231–32, 151 A.2d 441, 446 (1959):

> The Commonwealth has the burden of proving every essential element necessary for conviction. If the defendant traverses one of those essential elements by evidence of alibi, his evidence will be considered by the jury along with all the other evidence. It may, either standing alone or together with other evidence, be sufficient to leave in the minds of the jury a reasonable doubt which, without it, might not otherwise exist. It will be the duty of the trial judge to carefully instruct the jury as to the relationship of the evidence of the prosecution and the evidence of the defendant as each bears upon the essential elements of the crime charged. This must be done without unfair disparagement although the trial judge must be left free to comment upon the evidence, as he has heretofore, so long as he leaves the jury free to find its own true verdict.

In both *Pounds* and *Willis*, *Bonomo* was cited as providing the governing rule regarding alibi instructions. There is no indication in either *Pounds* or *Willis* that the *Bonomo* rule was being altered to require alibi instructions to couch references to the defense evidence in terms such as "even if not wholly believed."

While we do not condemn an instruction which would include such language as "even if not wholly believed," it

could credibly be argued that such language emphasizes the option the jury has to disbelieve alibi testimony. Indeed, depending on the tone with which such language might be delivered by the court, it could arguably be taken by jurors as suggesting that the defense evidence *should* be disbelieved because the court does not find it credible. No other evidence, be it defense or prosecution, is singled out for such comment. The more neutral phrasing of the instruction given by the trial court, which corresponds to the standard instruction on alibi, fully protects the defendant's interests while avoiding any risk that it might be misconstrued as an unfavorable comment upon the defense evidence.

Further, it has been argued that an instruction which includes the phrase "even if not wholly believed" in reference to the defense evidence might create an inference that there is some burden of proof to be met by the defense, or an inference that the jury's decision could be based upon testimony that was not believed. The instruction given in this case served to keep the jury focused on the controlling issue of whether the Commonwealth met its burden of proof, without introducing misleading or confusing considerations.

We take this opportunity to again state, at the risk of being tautological, that an inquiry into the adequacy of a jury charge must not focus on the presence of certain "magic words" but rather upon the effect of the charge as a whole. We find no error in the instruction given by the trial court. Counsel was not, therefore, ineffective for failing to object to the charge.[3]

Judgment of sentence affirmed.

ZAPPALA, J., files a dissenting opinion.

---

**3.** We find no merit in the additional claim raised by appellant that prejudice arose from the introduction of evidence that a window was broken at the residence of William Davis ten days after the instant assault and that, while police were at the Davis residence to investigate the broken window, Davis mentioned appellant's name and

ZAPPALA, Justice, dissenting.

I dissent. The majority has determined that the court's instruction, when viewed as a whole, fully conveyed to the jury that a failure by the defense to prove alibi was not to be construed as evidence of guilt. To reach this conclusion, the majority reasons that the words "even if not wholly believed" do not have to be included in the charge.

The hallmark of our legal system is that a defendant is innocent until proven guilty. I perceive a great danger that despite being instructed as to this presumption, jurors may interpret a failure to prove an alibi defense as a sign of the defendant's guilt.

It is imperative that the tenets of our legal system be preserved. For this reason, I maintain that the words "even if not wholly believed" *must* be included as part of the alibi instruction. A defendant is entitled to such an affirmative assertion *in the context of the charge on the alibi defense itself* so that it is absolutely clear that the raising of the defense does not alter the Commonwealth's burden of proving the offense beyond a reasonable doubt. *See Commonwealth v. Bonomo*, 396 Pa. 222, 151 A.2d 441 (1959).

Accordingly, I would reverse the order of Superior Court which affirmed the judgment of sentence imposed by the Court of Common Pleas of Philadelphia County and remand for a new trial.

---

address. This evidence was very brief in nature and was merely explanatory of events which guided police in their efforts to locate and arrest appellant for the present offenses. In comparison to the present offenses, the breaking of a window was petty in nature and arguably would not have affected the jury's deliberations even if jurors drew the conclusion that appellant broke the window. Nevertheless, the trial court promptly and thoroughly instructed the jury to disregard evidence regarding the broken window. Defense counsel made no objection to the instruction and did not request a mistrial. Any possible prejudice was cured by the instruction. See *Commonwealth v. Chestnut*, 511 Pa. 169, 176, 512 A.2d 603, 606 (1986) (sufficiency of cautionary instruction).