602 A.2d 820

COMMONWEALTH of Pennsylvania, Appellee,

v.

Rodney F. JONES, Appellant.

Supreme Court of Pennsylvania.

Argued Jan. 14, 1991.

Decided Jan. 13, 1992.

150

Norris E. Gelman, Philadelphia, for appellant.

Ronald Eisenberg, Philadelphia, for appellee.

## OPINION OF THE COURT

FLAHERTY, Justice.

This appeal attacks two aspects of the jury instructions given at appellant's trial under the rubric of counsel's ineffectiveness for failing to object to the charge. He claims that the court gave erroneous instructions on his alibi defense, and that the definition of "reasonable doubt" was defective. The Superior Court, sitting en banc, rejected his claims. *Commonwealth v. Jones*, 386 Pa.Super. 467, 563 A.2d 161 (1989) (en banc). We affirm.

Appellant, Rodney F. Jones, was convicted by a jury of three counts of aggravated assault and possession of an instrument of crime. Following the conviction, newly retained counsel filed post-trial motions. The motions were denied, and appellant received an aggregate sentence of five to ten years' imprisonment. Appellant's timely appeal from the judgment of sentence was dismissed by the Superior Court for failure to file a brief. Present counsel then filed a petition for relief under the Post Conviction Hearing Act, alleging that all prior counsel were ineffective and

seeking leave to appeal nunc pro tunc. The petition was granted, and this appeal followed. The Superior Court affirmed the judgment of the trial court, and we allowed this appeal to consider the jury charge given at appellant's trial.

Appellant's first claim is that the trial court erred in instructing the jury regarding his alibi defense. He claims that it was error to omit the "even if not wholly believed" language used by this court in *Commonwealth v. Pounds*, 490 Pa. 621, 417 A.2d 597 (1980); he also claims that it unconstitutionally required him to prove that it was impossible for him to commit the crime.

■ The first objection has been rejected by this court in *Commonwealth v. Saunders*, 529 Pa. 140, 602 A.2d 816 (1991), which was consolidated with this case for argument at our January 1991 argument session. In *Saunders*, also decided today, we held:

> As long as an alibi instruction makes it clear to the jury that a defendant's failure to prove alibi is not in itself a basis for a finding of guilt, the instruction cannot be faulted for failing to parrot the exact language contained in *Pounds*. An instruction is proper if it expressly informs the jury that the alibi evidence, either by itself or together with other evidence, could raise a reasonable doubt as to the defendant's guilt and clearly directs the jury to consider this evidence in determining *whether the Commonwealth met its burden* of proving beyond a reasonable doubt that the crime was committed by the defendant. A charge which meets this standard would not be taken to mean that by introducing alibi evidence the defense assumed a burden of proof, which, if not met, could provide a basis for a finding of guilt.

*Id.*, 529 Pa. at 145, 602 A.2d at 818 (emphasis in original).

■ Appellant's second objection to the alibi charge refers to the following portion of the charge:

> When you come to consider this defense, ladies and gentlemen, of alibi, you must consider, among other

things, whether the testimony given covers the entire time the offense is shown to have been committed and whether it precludes the possibility of defendant's presence at the scene of the crime.

Appellant argues that "[t]his is tantamount to saying that the alibi testimony must satisfy the jurors that the defendant could not possibly have committed the offense." He further claims that this is the same as telling the jury that the accused must prove himself innocent, setting forth a more demanding standard than is required under *Pounds, supra.*

Appellant confuses the two distinct elements of the charge pertaining to the definition of alibi and the burden of proof. The court told the jury the following:

You should consider this [alibi] evidence along with other evidence in the case in determining whether the Commonwealth has met its burden of proving beyond a reasonable doubt that the crime was then committed and that the defendant took part therein.

The defendant's alibi evidence that he was not present may, in itself, work for aquittal, or it, together with other evidence, may be sufficient to raise a reasonable doubt in your mind as jurors.

The court was quite clear about where the burden of proof lay, and certainly does not suggest that the defendant must prove himself innocent.

The charge does suggest that an alibi defense must preclude the possibility that the defendant could have committed the offense. That, of course, is the essence of an alibi. Webster's Third New International Dictionary (1976), defines "alibi" as follows: "the plea of having been at the time of the commission of an act elsewhere than at the place of commission." Black's Law Dictionary, rev. 4th ed. (1968), gives the following definition:

Means that at time of commission of crime charged in indictment defendant was at different place so remote or distant or under such circumstances that he could not have committed offense. It is a physical circumstance

and derives its entire potency as a defense from the fact that it involves the physical impossibility of guilt of accused.

(Citations omitted.) *See Commonwealth v. Pounds,* 490 Pa. at 631, 417 A.2d at 602, quoting *Commonwealth v. Whiting,* 409 Pa. 492, 498, 187 A.2d 563, 566 (1963) (alibi is "a defense that places the defendant at the relevant time in a different place than the scene involved and so removed therefrom as to render it impossible for him to be the guilty party").

Thus, in order to constitute an alibi, evidence must preclude the possibility of defendant's presence at the scene of the crime. Totally apart from its credibility, its relevance depends on precluding the possibility that the defendant committed the offense; otherwise it is not an alibi.

We therefore find no error in the trial court's definition of alibi nor in the omission of the "even if not wholly believed" language of *Pounds.*

▮▮▮▮ Appellant also objects to the court's definition of "reasonable doubt." The court said:

So, a reasonable doubt must be more than a mere possible doubt because you can have a doubt about almost anything in life. A reasonable doubt must be more than a fanciful doubt, a caprice, a whim or a doubt that you conjure up in your mind in order to avoid the unpleasant task of determining guilt or non-guilt. It is a substantive doubt. It is a real doubt, a doubt of such substance that if it occurs in a matter of importance in your own affairs, it would restrain you from acting.... Do you have a reasonable doubt, a doubt of such substance that if it occurred in a matter of importance in your own affairs it would restrain you from acting.

Appellant's objection is that the terms "substance" and "substantive" are ambiguous and that those words may have been equated with the term "substantial." This argument is not persuasive. While the above definition of "reasonable doubt" is not a model, it is similar to the

definition this court approved in *Commonwealth v. Young*, 456 Pa. 102, 110, 317 A.2d 258, 262 (1974), quoting *Commonwealth v. Donough*, 377 Pa. 46, 51–52, 103 A.2d 694, 697 (1954); moreover, it is similar to the charge given in Pennsylvania Suggested Standard Jury Instructions, Criminal, § 7.01(3). The terms "substance" and "substantive" are not ambiguous and were used appropriately by the trial court in this case. A trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration. *Commonwealth v. Ohle*, 503 Pa. 566, 582, 470 A.2d 61, 70 (1983). A jury charge need not be given in words of one syllable. *See Commonwealth v. Prosdocimo*, 525 Pa. 147, 153–155, 578 A.2d 1273, 1276–77 (1990).

Accordingly, we affirm the judgment of the Superior Court.

Judgment affirmed.

ZAPPALA, J., files a dissenting opinion.

ZAPPALA, Justice, dissenting.

I dissent for the reasons set forth in my dissenting opinion in *Commonwealth v. Saunders*, 529 Pa. 140, 602 A.2d 816 (1991) which is decided today. Accordingly, I would reverse the judgment of the Superior Court and remand for a new trial.