592 A.2d 353

**COMMONWEALTH of Pennsylvania**

v.

**Bonnie LEBO, Appellant.**

Superior Court of Pennsylvania.

Argued April 2, 1991.

Filed June 13, 1991.

318

Michael G. Leonard, Harrisburg, for appellant.

Kathy G. Wingert, Deputy Dist. Atty., Harrisburg, for Com.

Before JOHNSON, HUDOCK and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from a judgment of sentence entered in the Dauphin County Court of Common Pleas. We affirm.

On October 18, 1989, appellant Bonnie Jean Lebo was found guilty of two counts of unlawful delivery of a controlled substance and criminal conspiracy. Subsequently, appellant's post-trial motions were denied and she was sentenced. This appeal followed.

The relevant facts in this case, as outlined by the lower court in its opinion dated August 22, 1990, are as follows:

On October 20, 1988, Detective Gregory S. Taylor, a detective with the Lower Paxton Township Police Department who was assigned to the Dauphin County Drug Task Force, met with police informant, John Malehorn, in the parking lot of the Halifax High School. Malehorn was searched, no controlled substances were found and Malehorn was given $100.00. They decided to go to the

Halifax Hotel to attempt to purchase drugs from a female bartender named Wanda. They arrived at the Halifax Hotel and Malehorn approached [appellant]. Malehorn returned to Taylor and stated that he could get one gram of cocaine for $100.00. [Appellant] approached Taylor and Malehorn, explained that she needed money and Taylor paid $60.00 and Malehorn paid $40.00. [Appellant] walked over to her sister, Tina Paul, and gave Tina the money. Approximately twenty minutes later, a white male came into the bar, Tina left the bar with this man and returned approximately twenty-five minutes later. [Appellant] approached Tina and they walked over to a small alcove. Tina pulled something out of her pants pocket and shook hands with [appellant]. [Appellant] walked over to Malehorn, shook hands with him and the informant, in turn, shook hands with Detective Taylor. Taylor received a clear plastic bag with a white powder substance which was later identified as cocaine.

Taylor spoke with Malehorn on October 25, 1988 about returning to the Halifax Hotel for the purpose of meeting an unidentified white male to purchase ⅛ ounce of cocaine. The informant told Taylor that he was going out to dinner with [appellant] but that he would meet Taylor at 9:30 p.m. at the Halifax Hotel. When [appellant] and Malehorn arrived at the Halifax Hotel, Malehorn approached Taylor and stated that the white male, the subject of their attempted purchase, was not there, and indicated that he would attempt to purchase more cocaine from [appellant]. Malehorn approached [appellant] and asked her if she could get him an eight-ball of cocaine. She called her sister and the agreed upon price was $270.00. Taylor gave [appellant] $270.00 and [appellant] left the premises for approximately twenty minutes. She came back into the bar, approached Malehorn and shook hands with the informant. The informant shook hands with Taylor who received four small bags of a white substance which was identified as cocaine.

Appellant now raises the following queries for our review:

1. whether the actions of the police, by and through their informant, John Malehorn, constituted entrapment as a matter of law;

2. whether the statements made by the police informant to appellant during a dinner conversation were admissible as non-hearsay;

3. whether trial counsel was ineffective for failing to understand the nature of his client's defense as well as his failure to call a necessary witness.

We reject these contentions for the reasons outlined below.

■ With regard to appellant's first contention, we note that entrapment is defined as follows:

(a) General rule.—A public law enforcement official or a person acting in cooperation with such an official perpetrates an entrapment if for the purpose of obtaining evidence of the commission of an offense, he induces or encourages another person to engage in conduct constituting such offense by either:

(1) making knowingly false representations designed to induce the belief that such conduct is not prohibited; or

(2) employing methods of persuasion or inducement which create a substantial risk that such an offense will be committed by persons other than those who are ready to commit it.

(b) Burden of proof.—Except as provided in subsection (c) of this section, a person prosecuted for an offense shall be acquitted if he proves by a preponderance of the evidence that his conduct occurred in response to an entrapment. . . .

18 Pa.C.S.A. § 313. In short, the focus of an entrapment defense begins with a review of the relevant police conduct. *Commonwealth v. Weiskerger*, 520 Pa. 305, 554 A.2d 10 (1989).

■ Whether an "entrapment has occurred is a question for the jury, unless the evidence points to only one

conclusion, in which case it may be decided as a matter of law." *Commonwealth v. Clawson,* 250 Pa.Super. 422, 425–26, 378 A.2d 1008, 1008 (citations omitted). To prevail as a matter of law, appellant must demonstrate that the evidence was so overwhelming that no reasonable jury could fail to find entrapment. *Commonwealth v. Weiskerger, supra.* Appellant fails to meet this burden of proof.

■ In this case, the lower court instructed the jury on the defense of entrapment. Appellant contends, however, that the court erred by failing to find that she was entrapped as a matter of law. Specifically, appellant argues that the Commonwealth manipulated "the bonds of friendship to lure an otherwise passive individual into criminal activity." In support of this contention, appellant cites *Commonwealth v. Wright,* 396 Pa.Super. 276, 578 A.2d 513 (1990) as dispositive. We disagree.

In *Wright, supra,* we found that the government conduct constituted entrapment since the informant feigned a friendship with a suspect in order to manipulate him into purchasing marijuana as a favor. This informant had previously entered a plea agreement with the Commonwealth: the informant agreed to gather information concerning drug dealing on the Penn State campus in exchange for a probationary sentence. Accordingly, the informant in *Wright* sought out appellant in that case with police approval in order to fulfill his end of the plea bargain.

Over a period of a few months, the informant in the *Wright* case visited the suspect's apartment several times, sharing beer and marijuana, playing games and listening to music. Finally, the informant asked the suspect to purchase marijuana for him as a favor. The informant explained to the suspect that he could not make the purchase himself, a fabrication created by the police. In vacating the conviction, we found that the lower court erred in submitting the entrapment issue to the jury since the uncontroverted evidence clearly demonstrated that the Commonwealth improperly induced the suspect to purchase the

marijuana pursuant to the strong bonds of friendship. Such is not the case here.

In the instant case, appellant implies that the Commonwealth manipulated "an observable romantic relationship between appellant and the informant" to unduly influence appellant into purchasing drugs. Our careful review of the record, however, fails to reveal that the informant's relationship with appellant unduly influenced her with regard to the pertinent drug purchases.

On October 20, 1988, appellant attempted to secure cocaine for the informant after a five-minute conversation. Despite appellant's protestations, our review fails to reveal a close or entrapment relationship between the two. While appellant testified at trial that she and the informant "hung out" at the same places, she also stated that they never "went places socially together." More importantly, appellant explained that she only "saw [informant] around" "two or three times a year" over a four year period prior to the transaction of October 20, 1988. Given these parameters, we fail to find that the Commonwealth manipulated "the bonds of friendship to lure appellant into criminal activity" as in *Wright, supra.*

We also reject appellant's entrapment argument with regard to the drug transaction which occurred on October 25, 1988. Unlike in *Wright,* the informant in this case did not socialize with appellant over a long period of time and feign friendship in order to obtain drugs. Instead, appellant provided the informant with drugs a mere five days after the parties' first transaction. While the parties did go on a dinner date on October 25, this "date" does not lead one to the inescapable conclusion that appellant was entrapped as a result of the bonds of friendship. Accordingly, the lower court properly deemed the matter a question of fact and presented it to the jury.

Next, appellant argues that the lower court erred in refusing to permit her to testify as to her conversation with the informant during their dinner date on October 25, 1988. In this case, the informant was not called to testify at trial.

In sum, appellant argues that the informant's statements were admissible as non-hearsay. Although we agree with appellant concerning this precluded testimony, we find that the lower court's exclusion constituted harmless error.

Hearsay is an out-of-court statement introduced into evidence to demonstrate the truth of the matter asserted. *Commonwealth v. Poli*, 264 Pa.Super. 1, 398 A.2d 718 (1979). Such statements are inadmissible absent certain exceptions. *Id.* However, "[when] a witness testifies that someone said something to him and the purpose is not to show that what was said was true but that the statement was made, the testimony is not hearsay but instead a 'verbal act'." *Commonwealth v. Jones*, 374 Pa.Super. 431, 435, 543 A.2d 548, 550 (1988) (citations omitted).

At trial, appellant hoped to establish that the Commonwealth, through the informer, improperly induced her into the aforementioned criminal activity. Appellant sought to prove that she participated in the drug transactions due to a feeling of obligation after her "date" with the informant. With regard to her conversation during the date, appellant attempted to testify that the informant told her that he was "broke" at the time of the transaction. This does not constitute hearsay: appellant did not seek to prove that appellant was "broke" but only that he uttered the statement. *See Jones, supra.* Unfortunately for appellant, however, we find that the lower court's exclusion of the statement constituted harmless error.

In *Commonwealth v. Story*, 476 Pa. 391, 383 A.2d 155 (1978), our supreme court stated that "an error can be harmless only if the appellate court is convinced beyond a reasonable doubt that the error is harmless." *Id.*, 476 Pa. at 406 n. 11, 383 A.2d at 162 n. 11. The burden of establishing that the error was harmless beyond a reasonable doubt lies with the Commonwealth. *Id.*

Error is considered to be harmless where: 1) the error did not prejudice the defendant or the prejudice was de minimis; or 2) the erroneously admitted evidence was merely cumulative of other, untainted evidence which was

324

substantially similar to the erroneously admitted evidence; or 3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict. *Commonwealth v. Williams*, 524 Pa. 404, 409, 573 A.2d 536, 538–39 (1990) (citations omitted).

■ Our review of the record reveals that the lower court permitted appellant great latitude with regard to her testimony concerning the parties' conversation at the dinner date on October 25, 1988. Appellant stated that the informant, not she, had secured drugs and that she only pretended to sell the drugs. She explained that the object of this "scam" was to enable the informant to make more money from the sale of the drugs. As we noted *supra*, appellant testified that she felt obligated to the informant, he had bought her flowers and dinner, and had only helped him to secure the drugs as a favor. In light of this testimony, we find that the prejudice suffered by appellant was *de minimis* since she was given ample opportunity to testify with regard to the informant's alleged improper conduct. Accordingly, we find that the lower court's exclusion of this testimony constituted harmless error.

Finally, appellant argues that trial counsel was ineffective for failing to call the informant as a witness.[1] Appellant contends that such testimony would have established that the Commonwealth improperly induced her into the relevant criminal activity. We disagree.

■ Claims of ineffectiveness of counsel are subject to a three-part analysis. First, it must be demonstrated that the underlying claim is of arguable merit. Next, it must be

1. Appellant also states that counsel rendered constitutionally inadequate assistance due to a "failure to properly understand the law of entrapment." This argument appears to be based upon the presumption that trial counsel should have elicited more detailed testimony from appellant concerning the informant's behavior during the parties' dinner date. As we have already rejected appellant's entrapment and hearsay arguments *supra*, however, we need not address this contention.

determined whether counsel's choice of action had some reasonable basis designed to effectuate his or her client's interests. Finally, a showing must be made of how counsel's choice of action prejudiced the client. *Commonwealth v. Tavares*, 382 Pa.Super. 317, 321, 555 A.2d 199, 201 (1989). The law presumes that counsel was effective, so that the burden of establishing ineffectiveness rests squarely upon the defendant. *Commonwealth v. Smith*, 380 Pa.Super. 619, 552 A.2d 1053 (1988). Moreover, counsel will not be deemed ineffective for failing to assert a baseless claim. *Commonwealth v. Cook*, 383 Pa.Super. 615, 557 A.2d 421 (1989).

█ In order to demonstrate that her ineffectiveness claim is meritorious, appellant must establish: (1) the identity of the witness; (2) that trial counsel knew of his existence; (3) the material evidence that the witness would have provided; and (4) the manner in which the witness would have been helpful to her case. *Commonwealth v. Parker*, 387 Pa.Super. 415, 564 A.2d 246 (1989). While she is able to meet the first two prongs of this test, appellant is unable to fulfill the final two requirements.

In her brief, appellant acknowledges that the informant's testimony could have substantiated her version of the pertinent criminal incidents and thus strengthened her case. On the other hand, however, this argument has a two-pronged effect: the informant's version of the incident may have refuted her story and weakened her case. Accordingly, appellant is unable to demonstrate the merit of this claim. Thus, we reject appellant's ineffective assistance of counsel claim.

Judgment of sentence affirmed.