622 A.2d 950

**COMMONWEALTH of Pennsylvania**

**v.**

**Shawn ALLISON, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 5, 1993.

Filed March 12, 1993.

Francis M. Socha, Harrisburg, for appellant.

Richard E. Guida, Asst. Dist. Atty., Harrisburg, for Com., appellee.

Before WIEAND, OLSZEWSKI and HESTER, JJ.

OLSZEWSKI, Judge:

This is an appeal from the judgment of sentence entered against Shawn Allison ["Allison"]. Allison was found guilty of aggravated assault and recklessly endangering another person ["REAP"] after a jury trial in front of the Honorable Sebastian D. Natale.[1] We reverse the judgment of sentence and remand for a new trial.

The charges against Allison were filed as a result of an incident that occurred on April 24, 1990. On that date, at approximately 10:00 p.m., Rahiem Bartow was drinking beer at Charlie and Ernie's Bar in downtown Harrisburg. Bartow approached three young women, Kim Middleton, Tarita Lyles, and Sheila Harden. The three were acquaintances of Bartow, and according to Bartow he asked them to buy him a beer. The women claimed they had no money and refused. Perturbed, Bartow dropped his pants in response, exposed himself, and offered a rather lewd alternative to his original request. This incident was witnessed by a man on the other side of the bar. The man confronted Bartow and demanded that he treat the women with more respect. This confrontation escalated into a fight between the two outside of the bar. During the fight, Bartow was shot in the mouth with a pistol.

While being treated at the hospital, Bartow explained that "someone tried to shoot me." Later, Bartow reported to the

1. Allison was also charged with attempted criminal homicide. The jury acquitted him of this crime. Thus, any further reference to "the charges" refers only to the crimes of aggravated assault and REAP.

police that the assailant was Allison, a man whom he has known for close to five years. Allison was thereafter arrested and charged with the aforementioned crimes. At trial, Bartow was the Commonwealth's only eyewitness to the incident. He identified Allison as the man who approached him. The defense called two of the women in the bar, Lyles and Middleton, who corroborated Bartow's account of the event, but denied that Allison was the man who confronted Bartow. Both women testified that they have known both Bartow and Allison for over five years. The defense also called Sherry Butler, Allison's girlfriend, to testify that Allison was with her when the incident took place. Butler testified that she and her brother were at a shopping mall and returned to Butler's apartment at approximately 9:45 p.m. Allison was sitting in Butler's apartment when she and her brother arrived. Allison then drove Butler's brother home, which took two to five minutes, according to Butler's testimony. Otherwise, Allison was with Sherry Butler at all times after 9:45 p.m. that evening.

The jury convicted Allison of the aggravated assault and REAP charges. Post-trial motions were filed and denied; Allison was sentenced to six-to-twelve years incarceration on the aggravated assault charge. He was sentenced to six to twelve months on the REAP charge, which runs consecutive to the former sentence. New appellate counsel was assigned and now raises three issues: (1) whether the trial court erred in foreclosing defense counsel from impeaching Bartow's testimony during cross-examination; (2) whether the verdict is against the weight of the evidence; and (3) whether trial counsel was ineffective for failing to object to the trial court's jury instruction regarding Allison's alibi defense. We have reviewed the arguments and find that Allison received ineffective assistance of counsel.[2] We therefore reverse and remand

2. The trial court did not address the issue in its trial court opinion because the issue was not raised in any proceedings below. New counsel has been appointed, however, and this appeal presents the earliest appropriate opportunity for Allison to raise the issue. We must, therefore, address it. *Commonwealth v. Pizzo*, 529 Pa. 155, 602 A.2d 823 (1992).

for a new trial. In doing so, we need not address Allison's first two arguments.

As we have mentioned, Allison's defense was that he was not the person who assaulted Bartow. Although he did not testify, Allison presented testimony of two of the female bar patrons insulted by Bartow. Both women testified that although they know Allison well, it was not he who confronted Bartow in the bar. Allison also presented an alibi witness who claimed that but for two to five minutes during the evening hours after 9:45 p.m., Allison was with her. N.T. 12/3/90, at 87–93.[3] The trial court, during its instructions to the jury, failed to mention the fact that Allison presented an alibi defense. After a discussion at sidebar, the court instructed the jury as follows:

> The attorneys have brought to my attention that quite possibly I should have brought to your attention that there has been testimony offered by one of the witnesses, Sherry Butler, as to alibi. She was an alibi and you should consider her testimony as it pertains to the alibi that she offered as she testified.

N.T., 12/3/90, at 144.

This was the only mention of the alibi defense during the entire jury charge. The judge submitted the case to the jury without objection from defense counsel. Allison now claims that the instruction was improper and defense counsel's failure to object to its inadequacy rendered counsel constitutionally defective. We agree.

3. An alibi is a defense that places defendant at the relevant time in a different place than the scene involved and so removed therefrom as to render it impossible for him to be the guilty party. *Commonwealth v. Weinder*, 395 Pa.Super. 608, 577 A.2d 1364 (1990). We recognize that there is a "window" in the present alibi's testimony of two to five minutes during the relevant time period. We would find it extremely difficult to believe, and indeed the Commonwealth does not argue, that Allison could leave Butler's apartment, dash to the bar, witness Bartow's conversation with the women, confront him, ask him to step outside, and engage in a rather involved brawl, and return to Butler's apartment all in two to five minutes. We need not decide whether the "window" in the alibi testimony made it possible for Allison to commit the crime, however, since the Commonwealth concedes that Allison was entitled to an alibi instruction. Commonwealth's brief, at 12.

 The standard by which we view an ineffectiveness claim is well-settled.

Claims of ineffectiveness are subject to a three part analysis. First it must be demonstrated that the underlying claim is of arguable merit. Next, it must be determined whether counsel's choice of action had some reasonable basis designed to effectuate his or her client's interests. Finally a showing must be made of how counsel's choice of action prejudiced the client. The law presumes that counsel was effective, so the burden of establishing ineffectiveness rests squarely upon the defendant.

*Commonwealth v. Pate,* 421 Pa.Super. 122, 131, 617 A.2d 754, 759 (1992) (quoting *Commonwealth v. Lebo,* 405 Pa.Super. 316, 318–320, 592 A.2d 353, 357–358 (1991)).

Our Supreme Court has recently re-emphasized the importance of a jury instruction which adequately explains to the jury the significance of an alibi defense. In *Commonwealth v. Saunders,* 529 Pa. 140, 602 A.2d 816 (1992), the Court explained that a jury instruction, when viewed as a whole, must protect against the danger that a jury, if not fully persuaded by the alibi witnesses, might consider defendant's failure to prove the defense as evidence of guilt. This concern stems from the seminal case of *Commonwealth v. Pounds,* 490 Pa. 621, 417 A.2d 597 (1980), wherein the Court stated that reversible error occurred when "the trial court failed to instruct the jury that it should acquit if Pound's alibi evidence, even if not wholly believed, raised a reasonable doubt of his presence at the scene of the crime and its commission, and thus, of his guilt." *Id.* at 633, 417 A.2d at 603 (citations omitted). In *Saunders,* the Supreme Court reiterated the importance of a carefully crafted alibi instruction, but rejected the contention that an adequate alibi instruction must contain the *Pounds* "even if not wholly believed" language:

As long as an alibi instruction makes it clear that a defendant's failure to prove alibi is not in itself basis for a finding of guilt, the instruction cannot be faulted for failing to parrot the exact language contained in *Pounds.* An instruction is proper if it expressly informs the jury that alibi

evidence, either by itself or together with other evidence, could raise a reasonable doubt as to the defendant's guilt and clearly directs the jury to consider this evidence in determining whether the Commonwealth met its burden of proving beyond a reasonable doubt that the crime was committed by the defendant. A charge which meets this standard would not be taken to mean that by introducing alibi evidence the defense assumed a burden of proof, which, if not met, could provide a basis for finding guilt.

*Saunders,* 529 Pa. at 145, 602 A.2d at 818; *see, Common-wealth v. Jones,* 529 Pa. 149, 602 A.2d 820 (1992) (quoting same language).

■ Thus, while a proper alibi instruction need not contain any "magic language," the charge must make it clear to the jury that alibi evidence, by itself or taken together with other evidence may tend to raise a reasonable doubt as to defendant's guilt. In short, the trial court must "make it clear to the jury that the defendant's failure to prove alibi is not tantamount to guilt." *Commonwealth v. Weinder,* 395 Pa.Super. 608, 619–620, 577 A.2d 1364, 1370 (1990). The trial court's alibi instruction in this case did not even approach the necessary thoroughness required by *Saunders.* The instruction failed to explain, either directly or indirectly, what significance the jury should attach to the alibi evidence. In fact, the trial court did not even explain the legal definition of "alibi" to the jury. This cursory instruction, in no way, protected against the *Pounds, Saunders,* and *Jones* concern that an inadequate instruction might allow the jury to convict a defendant upon his failure to conclusively prove the alibi defense. Since the trial court's instruction was woefully inadequate, Allison's underlying claim has arguable merit.

We must next decide whether counsel's failure to object had a reasonable basis designed to further Allison's interest. We find that it did not. We have consistently held that when a defendant presents alibi witnesses, a proper alibi instruction is such an essential component of the trial that there can be no reasonable basis for failing to request an instruction or failing to object to the trial court's refusal to give one. *Common-*

*wealth v. Gainer,* 397 Pa.Super. 348, 580 A.2d 333 (1990), *alloc. denied,* 529 Pa. 645, 602 A.2d 856 (1992); *Commonwealth v. Nauman,* 345 Pa.Super. 457, 498 A.2d 913 (1985); *see also Commonwealth v. Roxberry,* 529 Pa. 160, 602 A.2d 826 (1992). Furthermore, our Supreme Court has held that the absence of a proper alibi instruction may not be held harmless error, even in light of abundant independent evidence against a defendant. *Commonwealth v. Willis,* 520 Pa. 289, 553 A.2d 959 (1989). Moreover, this Court has held that the failure to procure a proper alibi instruction is so vital to the trial that counsel's failure to request a specific alibi instruction "so undermine[s] the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Weinder, supra,* 395 Pa.Super. at 624, 577 A.2d at 1373 (discussing whether ineffectiveness claim for failing to request alibi instruction provides ground for relief under the Post–Conviction Relief Act 42 Pa.C.S.A. § 9543(a)(2)(ii)).

 Here, the Commonwealth asserts that counsel had a reasonable basis for failing to object to the inadequate instruction because the trial court, at other points during its charge, explained the Commonwealth's burden of proof. This argument is unavailing. The purpose of requiring a specific alibi instruction is to ensure that the jury understands the context within which the alibi evidence should be considered. The danger of a jury misallocating the burden of proof in considering an alibi defense "is not adequately addressed through the general instructions given in every criminal case regarding the burden of proof; hence a specific instruction on alibi is required." *Saunders, supra* 529 Pa. at 145, 602 A.2d at 818 (citing *Pounds, supra,* 490 Pa. at 634, 417 A.2d at 603). "A general charge on assessing the credibility of the witnesses . . . does not suffice as an alibi instruction." *Weinder, supra* 395 Pa.Super. at 623, 577 A.2d at 1372. The trial judge in this case gave no more than a general charge on the Commonwealth's burden of proof. Then, in what can best be described as a mere afterthought, charged the jury to consider the alibi testimony "as it pertains to the alibi. . . . " This instruction is entirely inadequate and there is no reasonable ground upon

which defense counsel could have bypassed an objection to the instruction's infirmity.

▮ Finally, the absence of a proper instruction prejudiced defendant. The Commonwealth asserts that in the cases upon which Allison relies, either an instruction was not requested at all or the trial judge rendered an opinion regarding the credibility of the alibi witness. *Pounds, supra; Willis, supra.* The Commonwealth attempts to distinguish this case by claiming that defense counsel did request an instruction, and that the trial court indeed gave one, albeit less comprehensive than it could have been. This distinction is disingenuous. We cannot say that the jury, without a proper instruction, did not consider Allison's failure to prove his alibi defense as evidence of guilt. In *Commonwealth v. Gainer, supra,* we addressed a similar argument to the one the Commonwealth presents here:

> The Commonwealth attempts to distinguish these Supreme Court decisions because they involved refusals by trial courts to give an alibi instruction and did not hold that trial counsel was ineffective for failing to request such an instruction. **This is a distinction without a difference. In either event, the jury was not adequately instructed.**

*Id.* 397 Pa.Super. at 354, 580 A.2d at 336 (emphasis added).

Likewise, the jury in this case did not receive an adequate instruction. It makes no difference that counsel requested the instruction when the trial court initially neglected to give one. When the trial court gave the inadequate instruction, counsel was under a duty to protect Allison's right to a proper, specific alibi instruction by further request or objection. Her failure to do so rendered her performance constitutionally ineffective. As we stated in *Gainer, supra,* "the dereliction of trial counsel must be deemed prejudicial. For the jury to be given evidence of alibi and not to be told of its significance, i.e. how to use it, is to impair the jury's ability to return a reliable verdict. Because counsel's dereliction was prejudicial, it can be corrected only by awarding appellant a new trial." *Id.* at 356, 580 A.2d at 337.

350

Judgment of sentence reversed and case remanded for a new trial. Jurisdiction relinquished.