J-A32005-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MARLIN J. KELLEY, | |
| Appellant | No. 278 WDA 2015 |

Appeal from the Order February 13, 2015
In the Court of Common Pleas of Greene County
Criminal Division at No(s): CP-30-CR-0000443-2013

BEFORE:  SHOGAN, OTT, and STABILE, JJ.

MEMORANDUM BY SHOGAN, J.: **FILED MAY 10, 2016**

Marlin J. Kelley ("Appellant") appeals from the February 13, 2015 order denying his motion to prohibit retrial on double jeopardy grounds. We affirm.

While driving routine patrol on Locust Avenue at 2:30 a.m. on July 13, 2013, in Mount Morris, Greene County, Officer John L. Lingo observed a Chevrolet Cavalier approaching his marked police car.  To avoid a head-on collision with the Cavalier, Officer Lingo was forced "to go up on a sidewalk to get away from it."  N.T., 11/25/14, at 19–20, 22–23, 45.  Within a few minutes, Officer Lingo stopped the Cavalier, which was driven by Appellant; the officer did not see anyone else in the car.  *Id.* at 23–26, 46.  After speaking with Appellant, Officer Lingo noticed the odor of alcohol coming from Appellant's breath and that his speech was slurred.  *Id.* at 28.  Based

on these observations, Appellant's reckless driving, and Appellant's admission that he had had "two shots of whiskey," Officer Lingo placed Appellant under arrest for suspicion of driving under the influence of alcohol. *Id.* at 28–29. Because there was no one available to drive Appellant's vehicle, Officer Lingo called his local 911 center and requested a towing company; he then transported Appellant to the Waynesburg Police Station. *Id.* at 29, 82. After observing Appellant for twenty minutes, Patrolman Shawn Wood gave Appellant a breathalyzer test. *Id.* at 63–65. Appellant's blood alcohol content ("BAC") was recorded at .196%. *Id.* at 70, Commonwealth Exhibit 5.

Appellant was charged with driving under the influence ("DUI") of alcohol in violation of 75 Pa.C.S. § 3802(a)(1) and (c) and reckless driving in violation of 75 Pa.C.S. § 3736. He proceeded to trial in November of 2014. On the morning of trial, before the jury was sworn, defense counsel announced that a witness, Mr. Jeff Mullenax, who was offered as the driver of the Cavalier, had been contacted the day before about testifying at trial, but his whereabouts that morning were unknown. N.T., 11/25/14, at 3–4. Defense counsel unsuccessfully moved for a continuance, and the trial commenced. *Id.* at 4.

After the Commonwealth rested, Appellant testified that he was not the driver; Mr. Mullenax was. N.T., 11/25/14, at 75. On cross-examination, the prosecutor inquired as to why Appellant had not identified his "buddy"

sooner. *Id.* at 85. Defense counsel objected. *Id.* at 85–86. At sidebar, defense counsel recalled that, on the day of jury selection, November 17 or 18, 2014, he had informed the Commonwealth that he intended to call Mr. Mullenax during trial to prove that Appellant was not the person driving the Cavalier. *Id.* at 86–89. The prosecutor recalled that she was given a name with an incorrect spelling and, therefore, could not locate the witness. *Id.* at 86–87. As the argument escalated at sidebar, defense counsel suggested a mistrial based on the prosecutor's violation of Appellant's constitutional rights. *Id.* at 89. In response, the prosecutor asked for a missing-witness instruction, contending: "[T]his is a major lie. . . . [T]here was no Jeff Mullenax present there. In fact, I agree, maybe we need a mistrial so I can call the tow truck driver who can say there was no other person there." *Id.* at 89. Defense counsel moved for a mistrial, and the prosecutor consented with the qualification that "this is not on the Commonwealth" and, therefore, "[t]his is not double jeopardy." *Id.* at 90.

Following a lunch recess, the trial court reconvened. N.T., 11/25/14, at 92. Defense counsel submitted a memorandum discussing the bases for a mistrial. *Id.* at 92; Defense Exhibit (unnumbered). In response, the prosecutor argued the lack of an alibi notice from the defense in violation of the Pennsylvania Rules of Criminal Procedure. *Id.* at 93.

The trial court granted Appellant a mistrial "due in part to the impaneled jury overhearing the 'aggressive side bar argument between

counsel' and due to . . . potential eye witnesses and the possibility of alibi witnesses necessary to both defense and prosecution in the pursuit of justice. . . ." *Id.* at 94–95. The trial court specifically found no bad faith or misconduct by either counsel; it also determined that jeopardy did not attach. *Id.* Thereafter, the trial court directed the court administrator to schedule a new trial for the February 2015 term. *Id.* at 95–96.

On December 5, 2014,[1] Appellant filed a motion to prohibit retrial on double jeopardy grounds, which the trial court denied. Order, 2/13/15. A timely appeal followed.

Upon initial review of Appellant's appeal, we observed *sua sponte* that we could exercise jurisdiction only to the extent that the order denying Appellant's pretrial motion to dismiss qualified as a collateral order under Pa.R.A.P. 313.[2] Our concern was informed by recent precedent:

> To establish whether a motion to dismiss on double jeopardy grounds qualifies as a collateral order, trial courts must now, *inter alia*, satisfy [Pa.R.Crim.P.] 587(B)(3), (4), (5), and (6).

---

[1] The prosecutor, Assistant District Attorney Linda Chambers, retired in December of 2014.

[2] Pa.R.A.P. 313 provides, in relevant part, as follows:

> A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313(b).

- 4 -

> Subsection (B)(3) requires the trial court, following a hearing, to enter on the record a statement of findings of fact and conclusions of law and its disposition of the double jeopardy motion. Subsection (B)(4) requires the trial court to render a specific finding on frivolousness in the event the court denies the double jeopardy motion. Subsection (B)(5) requires the trial court, if it finds frivolous the double jeopardy motion, to inform on the record a defendant of his or her right to petition for review under Pa.R.A.P. 1573 within [thirty] days of the order denying the motion. Subsection (B)(6) requires the court to advise a defendant of his immediate right to a collateral appeal if the court does not find the double jeopardy motion to be frivolous.

**Commonwealth v. Taylor**, 120 A.3d 1017, 1022–1023 (Pa. Super. 2015).

We found that the trial court failed to render a specific finding on the record regarding frivolousness, as required under Pa.R.Crim.P. 587(B)(4). Thus, the trial court failed to comply with Rule 587(B)(4) through (6). Because the trial court failed to fully comply with Rule 587(B), we entered a judgment order, remanding this matter to the trial court for compliance with Rule 587(B) and preparation of a supplemental Pa.R.A.P. 1925(a) opinion. Judgment Order, 11/25/15, at 2.

The trial court complied with our judgment order and Rule 587(B) and issued the following conclusion:

> Pursuant to the requirement set out in Rule 587 Subsection (B) (4) regarding a specific finding of frivolousness, we make a finding for the record that the Defendant's motion to dismiss on double jeopardy grounds was non-frivolous and advise the Defendant that the denial is immediately appealable as a collateral order.

Supplemental Trial Court Opinion, 3/14/16, at unnumbered 3. Thus, we conclude that we have jurisdiction to entertain this matter as an appeal from a collateral order under Pa.R.A.P. 313.

Appellant presents the following question for our consideration:

> Did the trial judge err and apply incorrect standards when it failed to find that retrial of the defendant was barred by double jeopardy after a motion for mistrial based on the Commonwealth's declarations (1) that it was "ridiculous" and "a waste of time" for a defendant to insist that the BAC datamaster operator testify at trial of a DUI case, (2) that trial counsel was planning to improperly insinuate the officer was incompetent "based on years of experience" with the named counsel, and (3) questioning the defendant on cross-examination why he did not tell the name of the driver until "yesterday" when the Commonwealth knew that the appellant had made a denial at the stop, was arrested, was never questioned about the denial, had actually revealed the name of the potential witness at jury selection seven days earlier, and provided the precise name and contact telephone number the day before jury selection when there was no prior order compelling the defendant to do so, and (4) the offensive comments were broadcast by the prosecutor within earshot of the jury, all of which provoked the motion for mistrial and were undertaken to prevent the fair trial of the defendant?

Appellant's Brief at 12.

Our scope and standard of review are as follows: "An appeal grounded in double jeopardy raises a question of constitutional law. This court's scope of review in making a determination on a question of law is, as always, plenary. As with all questions of law, the appellate standard of review is *de novo*." **Taylor**, 120 A.3d at 1021 (quoting **Commonwealth v. Vargas**, 947 A.2d 777, 780 (Pa. Super. 2008) (citations and quotation marks omitted)). Moreover:

[a]ppellate review of the trial court's findings of fact in a double jeopardy matter further implicates the following: Where issues of credibility and weight of the evidence are concerned, it is not the function of the appellate court to substitute its judgment based on a cold record for that of the trial court. The weight to be accorded conflicting evidence is exclusively for the fact finder, whose findings will not be disturbed on appeal if they are supported by the record.

**Commonwealth v. Anderson**, 38 A.3d 828, 834 (Pa. Super. 2011) (quoting **Commonwealth v. Wood**, 803 A.2d 217, 220 (Pa. Super. 2002) (internal citations omitted)).

Double jeopardy protection applies where the prosecution engages in conduct intended to provoke the defendant's motion for mistrial. **Commonwealth v. Starks**, 416 A.2d 498, 500 (Pa. 1980). Additionally, double jeopardy applies in the event of prosecutorial misconduct "undertaken in bad faith to prejudice or harass the defendant." **Id.**; **see also Commonwealth v. Martorano**, 741 A.2d 1221 (Pa. 1999) (affirming the two-part analysis of prosecutorial misconduct set forth in **Starks**).

The appropriate mechanism to challenge prosecutorial misconduct is through a motion for mistrial. Pa.R.Crim.P 605(B).[3] The following standards govern our review:

In criminal trials, declaration of a mistrial serves to eliminate the negative effect wrought upon a defendant when

---

[3] Pa.R.Crim.P. 605(B) provides: "When an event prejudicial to the defendant occurs during trial only the defendant may move for a mistrial; the motion shall be made when the event is disclosed. Otherwise, the trial judge may declare a mistrial only for reasons of manifest necessity."

prejudicial elements are injected into the case or otherwise discovered at trial. By nullifying the tainted process of the former trial and allowing a new trial to convene, declaration of a mistrial serves not only the defendant's interest but, equally important, the public's interest in fair trials designed to end in just judgments. Accordingly, the trial court is vested with discretion to grant a mistrial whenever the alleged prejudicial event may reasonably be said to deprive the defendant of a fair and impartial trial. In making its determination, the court must discern whether misconduct or prejudicial error actually occurred, and if so, . . . assess the degree of any resulting prejudice. Our review of the resulting order is constrained to determining whether the court abused its discretion. Judicial discretion requires action in conformity with the law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason.

*Commonwealth v. Jaynes*, ____ A.3d ____, 2016 PA Super 55 at *6 (Pa.

Super. filed Mar. 1, 2016) (quoting *Commonwealth v. Lettau*, 955 A.2d

360, 363 (Pa. Super. 2008), *reversed on other grounds*, 986 A.2d 114 (Pa.

2009) (citations, quotations, and quotation marks omitted)).

The trial court disposed of Appellant's motion to bar retrial as follows:

During trial, several conversations occurred at sidebar between former First Assistant Linda Chambers and Mr. Cancelmi. During these conversations, Mr. Cancelmi accused the Commonwealth of prosecutorial misconduct and moved for a mistrial based on statements made by Ms. Chambers that could potentially have been heard by several jurors. The Commonwealth consented but stated on the record that she felt that no misconduct had occurred. After a brief recess, this [c]ourt granted the mistrial.

* * *

In this case, the [c]ourt clearly stated, on the record, that, given that the physical limitations of the Courtroom, jurors could easily overhear the conversations that occurred at sidebar. The

- 8 -

[c]ourt recognized the need for eyewitnesses for both the Defendant and the Commonwealth, and that it was in the interest of justice that a mistrial be declared. This [c]ourt also recognized on the record that neither defense counsel nor the prosecutor took any action that rose to the level of bad faith, misconduct or actions specifically intended to cause a mistrial. Further, this [c]ourt found that a retrial was not barred by Double Jeopardy and ordered a new trial date to be set by the Court Administrator.

Order, 2/13/15, at unnumbered 2–3, 4.

On appeal, Appellant asserts that a "criminal defendant has no mandatory duty to disclose the name of eyewitnesses known to the defendant." Appellant's Brief at 31 (citing Pa.R.Crim.P. 573). According to Appellant, Mr. Mullenax was an eyewitness, not an alibi witness, and, therefore, Appellant did not have to identify him. Appellant's Brief at 34. We disagree. In doing so, we are persuaded by the Commonwealth's position: "In *Commonwealth v. Chamberlain*, the Superior Court held that a defense that places another individual in the driver's seat in a DUI case constitutes an alibi defense." Commonwealth's Brief at 14 (citing **Commonwealth v. Chamberlain**, 658 A.2d 395, 399 (Pa. Super. 1995)).

The **Chamberlain** Court addressed this issue in the context of a missing witness instruction:

An "alibi" is "a defense that places the defendant at the relevant time in a different place than the scene involved and so removed therefrom as to render it impossible for [her] to be the guilty party." **Commonwealth v. Roxberry**, 529 Pa. 160, 163, 602 A.2d 826, 827 (1992) (citations omitted). If the defendant presents evidence which covers the time period when the crime was committed and which puts her at a different location than that of the crime scene, she has presented an alibi. **See**

> ***Commonwealth v. Jones***, 529 Pa. 149, 150-54, 602 A.2d 820, 821-22 (1992) (acknowledging alibi charge to jury as accurately stating the law: "whether the testimony given covers the entire time the offense is shown to have been committed and whether it precludes the possibility of defendant's presence at the scene"). The evidence presented, taken as true, must make it impossible for the defendant to have committed the crime. ***Id.***, 529 Pa. at 152-54, 602 A.2d at 822. ***Commonwealth v. Repaci***, 419 Pa.Super. 591, 594-95, 615 A.2d 796, 798 (1992). According to appellant, [her husband] would have testified that she was not in the driver's seat at the time of the infraction. Instead, [her husband's] testimony would place appellant in the passenger seat at the crucial point in time. Although [her husband's] testimony would place appellant at the scene of the infraction, his testimony precluded the possibility that she was driving the vehicle.

***Chamberlain***, 658 A.2d at 399.

Applying ***Chamberlain*** to this case, we conclude that Mr. Mullenax was an alibi witness. According to Appellant, Mr. Mullenax would have testified that Appellant was not in the driver's seat at the time of the infraction. Instead, Mr. Mullenax's testimony would place Appellant in the passenger seat at the crucial point in time. Although Mr. Mullenax's testimony would place Appellant at the scene of the infraction, his testimony precluded the possibility that Appellant was driving the vehicle. Because Mr. Mullenax was an alibi witness, Appellant was required to identify him and file a notice of alibi, as the Commonwealth contends. Commonwealth's Brief at 14–15. Appellant's contrary claim lacks merit.

Next, Appellant complains that the trial court erred in ruling that "there being eyewitnesses that neither party could obtain at trial, . . . the interest of justice necessitated the cessation of the trial." Appellant's Brief

- 10 -

at 32. According to Appellant, "This was clearly not a manifest necessity." *Id.* However, we need not address manifest necessity. That standard applies when the trial court declares a mistrial, not when—as here—the defense moves for one. Pa.R.Crim.P. 605(B).

Lastly, Appellant argues that retrial is warranted due to prosecutorial misconduct. Appellant's Brief at 35–36. We disagree.

Upon plenary and *de novo* review of the certified record, we find support therein for the trial court's findings and, therefore, will not disturb them on appeal. Nor will we substitute our judgment regarding credibility and weight based on a cold record for that of the trial court. *Anderson*, 38 A.3d at 834. Our review reveals that Appellant moved for a mistrial during a heated exchange after the Commonwealth asked Appellant about failing to identify Mr. Mullenax until the day before trial. N.T., 11/25/14, at 85, 86–90.[4] The trial court observed from the bench that, given the design of the courtroom, "the jury members could easily overhear the details of the argument at side bar." *Id.* at 94–95. Additionally, the trial court determined that Appellant and the Commonwealth each had an additional eyewitness who, in the interest of justice, should be heard. *Id.* at 95.

---

[4] Appellant previously moved for a mistrial during a sidebar at which the Commonwealth asked defense counsel about stipulating to Appellant's BAC. N.T., 11/25/14, at 17. The trial court denied the motion and issued a cautionary instruction to the jury regarding the attorney's arguments, to which Appellant did not object. *Id.* at 18–19. That ruling is not before us.

We observe that two seasoned and well-acquainted attorneys argued multiple times at sidebar in a small courtroom with the jury present. N.T., 11/25/14, at 17–18, 26–27, 35–36, 52–53, 66, 68, 86–90. Although the attorneys were patently frustrated with each other's advocacy, we agree with the trial court that the prosecutor did not provoke Appellant into requesting a mistrial. **Starks**, 416 A.2d at 500. Indeed, nothing in the record supports the conclusion that the prosecutor acted in bad faith to prejudice or harass Appellant or to deny him a fair trial. **Martorano**, 741 A.2d 1221.

Thus, we conclude that the trial court did not abuse its discretion. Accordingly, we affirm the order denying Appellant's motion to prohibit retrial on double jeopardy grounds.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/10/2016

- 12 -